### JOSEPH XAVIER CANTRELLE v. POMAN CATHOLIC CONGREGATION OF ST. JAMES.

The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same ; the demand must be founded on the same cause of action ; the demand must be between the same parties and formed by them against each other in the same quality.

There may be different kinds of rights to estates : 1st, a full and entire property ; 2d, a right to the mere use and enjoyment ; 3d, a right to certain services due upon the estate.

APPEAL from the Dist. Court of the Parish of St. James, McVea, J. E. Legendre, for plaintiff and appellant. J. H. Ilsley, for defendant.

BUCHANAN, J. Plaintiff claimed in a former suit against the same defendant "to be declared and recognized as the lawful owner of two pews" in the church of St. James. The title set up by him in said suit, was a resolution of the Church Wardens, dated the 2d September, 1819. By

judgment of the District Court, affirmed on appeal to this Court, the said suit was dismissed.

CANTRELLE
v.
R. C. CONGREGAT'N

Subsequently to said judgment of dismissal, plaintiff brought the present action; in which he claims "to be declared and recognized as entitled during his natural life to the use of said two pews, and that said President and Wardens be condemned to restore petitioner to the free and undisturbed usé of said two pews."

The title pleaded in the petition is a resolution of the Church Wardens, of the 11th April 1843.

Defendants plead the exception of *res judicata* founded upon the judgment in the former action.

We think that the exception is not well taken. The thing demanded in the two actions is not the same. C. C. 2265. The *ownership* of the pews is claimed in the one case: the *use* only of those pews is claimed in the other case. These are two distinct rights or estates, as classified and defined in our Code, Arts. 479, 480, and 621. And if, as required by the counsel of defendants, we look into the record to ascertain what was the real object of the demand, without regard to the name which the plaintiff has chosen to give it, we find that the plaintiff has not referred to the same source of title in the two cases; but to two distinct acts, differing in terms, and separated by a long interval of time.

It is therefore adjudged and decreed, that the judgment of the District Court be reversed, and the exception of *res judicata* is hereby overruled. It is further decreed that the cause be remanded to the District Court, to be proceeded in according to law; and that defendant and appellee pay costs of this appeal.