O’NIELL, C. J.
C. E. Moritz, holding a mortgage on six acres of land belonging to B. T. Lee, proceeded to foreclose the mortgage by executory proceedings. Lee obtained a writ of injunction, claiming that the mortgage note held by Moritz, for $1,500, was subject to a credit of • $500 for certain oil stock pledged to Moritz and for the value of 7 bales of cotton also pledged to Moritz. The injunction suit was tried on its merits, and resulted in a judgment for the defendant, Moritz, dissolving the writ of injunction. Lee took a devolutive appeal to the court of appeal. Moritz proceeded with his foreclosure, and the land was readvertised for sale by the sheriff. Lee then filed another injunction suit, claiming that he was married and was the head of a family, and that the land seized was his homestead, was worth less than $2,000, and was therefore exempt from seizure and sale. The writ of injunction was issued, but, on motion of Moritz, the writ was dissolved, on the ground that Lee’s failure to claim the homestead exemption in his first injunction suit was an abandonment of the exemption. This appeal is from the judgment dissolving the second injunction and rejecting the demand for the homestead exemption.
The judgment appealed from is founded upon the general rule, stated in Schwartz v. Siekmann, 136 La. 177, 66 South. 770, that a party having several causes or grounds for obtaining a Writ of injunction must urge all of them in one suit, or the causes not urged will be thereby abandoned and cannot be pleaded successfully in a subsequent suit for an injunction. There are several reasons why the rule is not applicable to a homestead exemption. In the first place., the homestead exemption is a matter of public policy; it is granted not so much in favor of the head of a family as in favor of the dependent members of the family; and, being a matter of public policy, it cannot be waived except in the way prescribed by the Constitution. Section 3, art. 11. In the second place, the homestead exemption does not give to the beneficiary the absolute right to prevent a spizure or sale of the homestead. The exemption gives the beneficiary the right merely to require that the property shall not be *146 sold unless for a sum exceeding $2,000, in which event he shall have $2,000 of the proceeds. Constitution, art. 11, § 1.
A head of a family, whose homestead is seized in violation of the Constitution, may well prefer to reserve the pleading of his exemption as a last resort, if he has what he believes to be another good ground for obtaining an injunction against the seizure and sale.
The judgment appealed from is annulled, and it is ordered that the case be remanded to the district court for further proceedings in accord with the foregoing opinion. The appellee, Moritz, is to pay the costs incurred in the motion to dissolve this injunction, and the costs of this appeal; all other costs are to depend upon the final judgment.