OVERTON, Justice.
 

 On December 13, 1928, a suit brought by John I. Chaney and Iretha Chaney for the partition of three tracts of land, containing ICO acres, alleged to have been owned in common with Elizabeth Chaney, wife of Alex Compton, Lillie Chaney, wife of Robert Cornish, and the minor children of Leona Chaney, deceased, sole heirs of Richmond Chaney and Ditty Martin Chaney, deceased, terminated in a judgment in favor of the plaintiffs directing a partition of the property by public sale. Pursuant to the judgment, and a commission, which issued thereunder, the sheriff sold the property at public auction, at separate sales, there being three tracts, to one of the plaintiffs in the suit, namely John I. Chaney.
 

 Less than four months following the sale, Lillie Chaney, one of the defendants, instituted suit to annul the judgment, ordering the partition. Several grounds to annul were alleged, none of which it is necessary to mention, save one, which is “that John I. Chaney is not the legitimate child and forced heir of Richmond Chaney and Ditty Martin Chaney.”
 

 To this suit to annul both John I. Chaney and Iretha Chaney, the defendants therein, appeared and filed two exceptions — one of no right or cause of action and the other an exception or plea, so termed, of estoppel, which, in effect, is a plea of res judicata. There was judgment sustaining both exceptions, and dismissing the plaintiff’s suit.
 

 Less than two months after the dismissal of the suit to annul, and slightly over a year after the rendition of the judgment in the partition suit, to wit, on January 6, 1930, Lillie Chaney instituted a second suit to annul the partition judgment. In this suit, she not only alleged that John I. Chaney was illegitimate, but alleged facts showing, if true, that he knew of his illegitimacy at the time he filed the suit, and conspired with his coplaintiff in the partition suit, Iretha Chaney, who also had knowledge of John I. Chaney’s illegitimacy, to deprive her, Lillie Chaney, fraudulently of her rights in the property, and to lead her to believe' that he, John I. Chaney, was legitimate, by concealment of the fact of his illegitimacy.
 

 To this suit John I. Chaney and Iretha Chaney filed an exception of no cause of action and a plea of res adjudieata. The plea of res adjudieata was sustained and plaintiff’s suit dismissed. The judgment sustaining the plea is now before us on appeal.
 

 The judgment constituting the basis of the plea of res judicata is the judgment rendered in the first suit to annul. When an examination is made into the merits of the plea, there would seem to be no merit in it. In the first suit no cause of action was disclosed, whereas, in the present suit a cause of action is shown. The first suit rested, so far as pertinent here, upon the allegation that John I. Chaney was illegitimate, and upon that ground it was sought to annul the judgment. There were no allegations in it, setting forth that he had knowledge of his illegitimacy or
 
 *13
 
 that he acted fraudulently in representing himself to be a legitimate child of Richmond Chaney and nitty Martin Chaney. Therefore, the first suit to annul disclosed no cause of action, and was dismissed upon that ground. That suit did not disclose a cause of action, under article 608 of the Code of Practice, prescribing the vices of form for which a judgment may be annulled, because the ground of nullity alleged is foreign to anything contained in that article. It does not come within article 607 of the Code of Practice, prescribing, as grounds of nullity, fraud or other ill practices indulged in to procure a judgment, for the reason that the suit contains no allegation of fraud or other ill practices on the part of John J. Chaney, or his coplaintiff, to obtain the judgment of partition. On the other hand, the present suit distinctly alleges facts showing fraud and deception on the part of John I. Chaney, touching his legitimacy, to obtain the judgment, sought to be annulled. The present suit, therefore, shows a cause of action.
 

 This analysis of the grounds of nullity, alleged in the two suits, shows that in the first suit there was a failure to allege a cause of action, by reason of the omission therefrom of essential allegations, which, it may be said, were supplied in the-present suit. "A judgment sustaining an exception of no cause of action, because of the plaintiff’s omission of a necessary allegation is not a bar to another suit on sufficient allegations.” Laenger v. Laenger, 138 La. 532, 70 So. 501, 503. Besides, the causes of action set forth in the two suits, if that term may be used as to the first, are so different, due to the insertion of the allegations of fraud in the second suit to annul, that it may not be said that the two demands are founded on the same cause of action, which is essential to the plea of res judicata. Civil Code, art. 2286. The plea of res judicata, so far as it rests on the judgment in the first suit to annul, sustaining the so-called plea of estoppel, which is more properly itself a plea of res judicata, is not even mentioned in defendants’ brief, and is not well founded, due to the differences in the causes of action, considered above.
 

 The views here expressed would seem to call for a decree' overruling the plea of res judicata. However, the pleadings in the present case are so defective that we see no course open to us but to dismiss the suit for want of necessary- parties. All of the parties to the judgment of partition are not parties to this suit. There are three parties to the judgment of partition, namely, Eliza-’ beth Chaney, Jessie Chaney, and the children of Leona Chaney, deceased, who, although they were parties defendant to the partition suit, are not parties to the present suit to annul the judgment of partition. Without their presence, either as parties plaintiff or defendant, the judgment cannot be annulled. Succession of Ronton, 11 La. Ann. 621; Bell v. Silbernagel, 23 La. Ann. 569; Willis v. Peet, 26 La. Ann. 156. It would therefore be useless to overrule the plea of res judicata, and remand the case. The defect is such that the court must notice it of its own motion.
 

 Eor these reasons, the judgment sustaining the plea of res judicata is set aside, and this case is now dismissed for want of necessary parties, plaintiff to pay the costs in both courts.