PONDER, Justice.
The plaintiff brought suit against the defendant seeking judgment to compel the defendant to accept title to a parcel of land situated in the Parish of East Baton Rouge and to order the defendant to pay the purchase price in conformity with a contract entered into between the plaintiff and the defendant on December 11, 1948.
The defendant opposed the suit on the ground that the contract of December 11, 1948 was a continuation of a prior agreement, entered into oil August 11, 1948, which contained a suspensive condition, expressed or implied, to the effect that the contract was dependent on the defendant’s ability to finance and erect multiple apartment units thereon. The defendant avers that the City of Baton Rouge refused to grant a per-, mit for the proposed housing project which prevented the performance of the suspensive condition upon which the contract was based, thereby relieving the defendant of his obligation to purchase the property. On trial the lower court gave judgment ordering specific performance of the contract. The defendant has appealed.
It appears, from the written reasons handed down, that the trial judge arrived at the conclusion that the agreement of December 11th was a continuation of the prior agreement and that they should be construed together. The trial judge also arrived at *197 the conclusion that the provision in the pri- or agreement was contingent only upon the ability of the defendant to secure the necessary finance under the terms of the Federal Housing Legislation. The trial judge arrived at the further conclusion that the defendant had secured approval of the necessary finance and that the defendant could not be relieved of his engagement because there was no zoning ordinance in effect at the time he applied for the permit and the defendant could have compelled the city to issue the permit through mandamus proceedings.
The defendant is urging four assignments of errors on this appeal: first, that the district court erred in holding that an agreement to purchase realty is governed by the same rules of evidence as a contract of sale; second, that the lower court erred in holding that the suspensive condition contained in the contract of August 11, 1948, construed with the contract of December 11, 1948, applied only to financing; third, that the district court erred in failing to hold that the suspensive condition applied to a housing project, either expressed ox-implied; and fourth, that the district court erred in refusing to admit parol testimony to eliminate any ambiguity in the expressed or implied suspensive condition.
The provision in the prior agreement of August 11, 1948, relied on by the defendant, reads as follows: “This offer is contingent upon the ability of this Corporation to secure in every detail, the necessary legal, administrative, and financial documents, so as to properly finance a proposed housing project on the above described property under the terms of current Federal Housing Legislation.”
Upon examination of the record, we find that this prior agreement, entered into on August 11th, was to remain in effect 120 days. The second agreement was entered into after the expiration of the first agreement and contains no reference whatsoever to this first agreement. The authority cited by the defendant, dealing with contemporaneous collateral agreements, has no application for the reason that the first agreement had expired when the second agreement was entered into. The. agreement of December 11th is a direct and positive offer to sell which was accepted and signed by the defendant. There is no ambiguity in this agreement or any condition imposed therein. There is no reference made to the prior agreement or any language used in this second agreement to indicate that it was confected as an extension of the prior agreement. It appears on its face as a separate and distinct contract. Parol evidence is not admissible against or beyond what is contained in this second contract nor as to what may have been said by the parties before. or at the time of the making of it. Article 2276, Revised Civil Code. This rule of evidence does not forbid proof of a subsequent verbal agreement, modifying or abrogating a written contract, if the contract is one that is not required *199 to be in writing, but á promise or option to sell real estate is not valid unless given in writing. Article 2462, Revised Civil Code. Such being the case, parol testimony could not be admitted against and beyond what is contained in the contract or to show that the contract, which on its face is an independent agreement, was given to extend the timé stipulated in the prior agreement.
Having arrived at this conclusion, the stipulation contained in the prior contract cannot be considered or given effect.
For the reasons assigned, the judgment is affirmed at appellant’s cost.
Rehearing dismissed on joint motion of counsel.