ELLIS, Judge.
This is a suit for damages brought by John Esten Quarles against Arthur Cullen Lewis, Jr., in which the plaintiff alleges that due to an active breach of a contract to *107 purchase real estate made by the defendant with the plaintiff, he, the plaintiff, has suffered damages and that he had to expend sums of money in defense of numerous suits and to pay interest on money borrowed. Further, he alleges that due to the breach by the defendant he had to pay taxes for the year 1949. It is alleged that a fair measure of these damages is 5% on the $15,000 purchase price set forth in the agreement to purchase. This suit was filed August 4, 1952.
On December 11, 1948 plaintiff herein contracted to sell the defendant herein a certain plot of real estate, the contract providing the transfer was- to take place within 90 days. At the expiration of this period the defendant refused to take possession of the property and to pay the agreed sum, whereupon the plaintiff instituted a suit for specific performance. Judgment was rendered in favor of plaintiff and against the defendant. This decision was affirmed by the Supreme Court, being reported in 219 La. 194, 52 So.2d 713. While an application for rehearing was pending in the Supreme Court the parties filed a joint petition to withdraw the application, alleging therein:
“* * * an adjustment and settlement of the issues presented by this case has been reached by the parties hereto.”
Plaintiff has alleged in the present case that an active breach of the contract to purchase occurred on March 10, 1949; that the purchase price of the property was finally paid him on May 28, 1951, and that during this period he suffered the damages alleged.
The defendant filed exceptions of vagueness, no cause of action, no right of action, res adjudicata, and the prescription of one year.
The District Court maintained the exception of res adjudicata and dismissed plaintiff’s suit at his cost. Application for a rehearing in the District Court was denied and plaintiff has appealed.
The record of the suit for specific performance, 52 So.2d 713, was not introduced in evidence in this suit, but since both parties agreed as to the nature of that suit, it will not be necessary to remand this case to allow the introduction of that record.
For the reasons hereinafter appearing the exception of res adjudicata will be considered first.
The application of this exception must be determined by the provisions of Article 2286 of the LSA-Civil Code of Louisiana, which reads as follows:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
Both the suit for specific performance and the present suit grow out of the differences between the plaintiff and the defendant in the execution of a contract and the the parties and their qualities are identical. The question raised by this plea is whether the issues in the two suits are the same and whether the plaintiff set forth or should have set forth all of his demands growing out of the breach of the contract in the former suit or else be precluded from bringing any similar demands growing out of the same contract.
In P. Olivier & Sons, Inc. v. Board of Com’rs of Lake Charles Harbor and Terminal Dist., 181 La. 802, 160 So. 419, 421, is found the following:
“The parties and their qualities are identical in this cause and in No. 17406, decided on appeal by the Supreme Court under No. 32125 (P. Olivier & Sons v. Board of Com’rs, 177 La. 157, 148 So. 12). Both suits grow out of differences between the plaintiff and the defendant in the execution of a contract for the construction of docks and *108 sheds. The issue raised by the plea of res adjudicata is whether the issues in the two suits are the same or, more specifically, whether the plaintiff presented or should have presented all his demands growing out of the contract in the former suit, and whether, therefore, he is precluded from urging any supplemental demands growing out of the contract.
“It is well settled that a single claim, arising either in contract or in tort, cannot be divided and made the subject of several suits; and, if several suits be brought for different parts of a claim, judgment on the merits in either will bar the others. 2 A.L.R. 534; Black, vol. 2, § 734.
“And Van Fleet says (sections 69 and 79) that all breaches of one contract constitute but one cause of action, as do the damages, both present and prospective.
“But the rule is subject to exceptions in order to prevent injustice. Where the plaintiff had no knowledge or means of knowledge of the omitted claim, his ignorance will excuse him. 2 A.L.R. 534.”
In the case cited above a plea of res ad-judicata was sustained even though a reservation was made in the prior suit to sue for damages, the Court stating such reservation could not create a right for a separate suit because, as a matter of law, the plaintiff had no rights to reserve.
In the case at bar the plaintiff under his final judgment could enforce the payment of the taxes for 1949 and an implied obligation covering the taxes for 1950 since the taxes for 1949 were expressly covered by the agreement to purchase, and the judgment decreeing specific performance certainly included this item along with the $15,000 purchase price. Also there was an implied obligation on the part of the defendant to pay the 1950 taxes. This implied obligation arises from Article 1903 of the LSA-Civil Code of Louisiana, reading as follows :
“The obligation of contracts extends not only to what is expressly stipulated, but also to everything that, by law, equity or custom, is considered as incidental to the particular contract, or necessary to carry it into effect.”
Thus under the final judgment obtained by the plaintiff he might enforce the express obligations covering the purchase price and the taxes for 1949, and certainly the implied obligation covering the taxes for 1950.
Plaintiff cannot plead that at the time he filed the suit for specific performance he was ignorant of the existence of his claim for damages due to delay by the performance of the defendant since a delay of more than two months had already occurred and it was clear that further delays must occur before he would be able to enforce specific performance of the contract. He had knowledge of any claim he may have had which was not expressed or implied by the contract, and consequently this case does not fall within the class of exception expressed in the last paragraph of the citation from the Olivier case.
A demand for damages may be joined with a demand for specific performance. Manning v. Cohen, 124 La. 869, 50 So. 778, Also, it is provided in Article 1935 of the LSA-Civil Code of Louisiana that:
“The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more.”
Under Article 1938 of the LSA-Civil Code of Louisiana where there is no stipulation the interest rate is 5% per annum, and plaintiff was entitled in his suit for specific performance to demand and receive 5% per annum interest on his money demand from March 11, 1949 the date of the active breach, until paid, as damages. Consequently as to this demand the judgment decreeing specific performance is res adju-dicata.
*109 Although the facts were not similar to the present case, in Hope v. Madison, 194 La. 337, 193 So. 666, 667, the general rule with reference to a plea of res adjudicata was expressed as follows:
“That generally a breach of contract or single tort gives rise to but one cause of action, which cannot be divided and made the subject of several suits, and if one suit is brought for a part of the claim, a judgment thereon may be pleaded in bar to a recovery for another portion of the claim in a second suit * * * » 'pjjjg 0pini0n cites the Olivier case.
The appellant herein has vigorously contended that while it is well establishd in the doctrine of the common law courts that res adjudicata includes not only everything pleaded in a case, but even that which might have been pleaded, yet this doctrine does not obtain generally in Louisiana. The cited authority for this contention is Himel v. Connely, 195 La. 769, 197 So. 424, and State ex rel. Puritan Co. v. New Orleans, 169 La. 365, 125 So. 273.
In the Himel case the judgment relied upon to support the plea of res adjudicata was a judgment obtained by the consent of all the parties to a suit litigating the liability upon three mortgage notes, while the second suit was a suit to recover a certain sum advanced to the defendant which was declared to be subject to collation. No reference was made in the first judgment to this last debt. In the Himel case the Court pointed out that a judgment obtained by the consent of all the parties to a suit gets its binding force and effect from the consent which the parties give, rather than from the doctrine of res adjudicata, and since there was no proof that the first suit settled in any manner the sum due by collation, the first suit could not be plead in bar of the second suit; that if in the meantime the second controversy had been settled it should have been set up in answer or by some appropriate plea. In mentioning the common law rule the Court merely pointed out that the facts of the Himel case did -not bring it among the exceptions to the general rule prevailing in Louisiana.
In the Puritan Company case, on rehearing, the Supreme Court stated the object of the two suits was not the same; that the first suit, simply to annul a judgment confirming a tax title, could not be said to have for its object the adjudication of ownership of property. The sole object of the first suit was to set aside a judgment of confirmation, leaving the question of ownership open.
Neither the Himel nor the Puritan case can be applied here.
Plaintiff-appellant further relies upon the cases of Bonfield v. Tichenor, La.App., 189 So. 635; and the Consolidated cases of Davis v. Oaklawn, Inc. and Peacock v. Oaklawn, Inc., 212 La. 392, 31 So.2d 837. In both of these cases the plaintiffs asserted their claims for damages in the same suits in which specific performance was sought. Judgments of non-suit as to damages in these cases were not decreed to allow plaintiffs to institute separate suits for damages, but rather for the specific purpose of permitting the items of damages claimed to be clarified, and to have an accurate judicial determination of these asserted claims.
In examining the jurisprudence of our State concerning the plea of res adjudicata we have found in the case of Morgan v. Calliham, La.App., 171 So. 132, page 135, the following language:
“The jurisprudence of this state is replete with cases holding that a final judgment of the court having jurisdiction over the parties and the subject matter puts an end, not only to every plea or defense made, but to every plea or defense which either of the parties might successfully have made. Exchange National Bank v. Holoman Bros., 177 La. 537, 148 So. 702; Succession of Whitner, 165 La. 769, 116 So. 180, and cases therein cited.”
There is no doubt but that the plaintiff could have plead in his suit for specific performance every item of damages he alleges *110 in the present suit, and as pointed out here-inabove he was aware of the existence of his claim for damages due to the defendant’s breach.
Considering the plea of res adjudicata to be well founded we do not deem it necessary to examine the other exceptions and pleas filed herein.
For the foregoing reasons, the judgment of the lower court is affirmed.