McCALEB, Justice.
 

 On December 11th 1948, plaintiff agreed to sell defendant a certain parcel of ground for $15,000, the transfer' to be executed within 90 days. Upon defendant’s failure to comply with the contract within the stated time, plaintiff sued for specific performance. He was granted the desired relief and the judgment in his favor was affirmed by this court. See Quarles v. Lewis, 219 La. 194, 52 So.2d 713. Thereafter, defendant complied with the decree by taking title to the property and paying the purchase price stipulated in the agreement.
 

 On August 4, 1952, plaintiff filed the present suit for $1933.28 damages whic^he allegedly sustained as a consequence of defendant’s failure to take title and pay the price on or before March 10th 1949, as stipulated in the agreement to purchase. These damages, as itemized, are composed of a claim for interest on the $15,000 purchase price at 5%, amounting to $1664.58, and the balance of $268.70 to reimburse
 
 *79
 
 plaintiff for real estate taxes he has paid for 1949 and 1950.
 

 'Defendant appeared and filed various exceptions to plaintiff’s petition, included in which was a plea of res adjudicata. After a hearing on all exceptions, the trial judge, considering the exception of res adjudicata to be well taken, sustained it and dismissed the suit. He did not rule on the other exceptions. Plaintiff then appealed to the Court of Appeal for the First Circuit, where the ruling of the district judge was approved and affirmed. See Quarles v. Lewis, La.App.,
 
 67
 
 So.2d 106. We granted certiorari.
 

 • Since the other exceptions have not been passed on by the lower courts, the sole question presented for determination is whether the plea of res adjudicata-filed by defendant is tenable.
 

 The applicable law on the subject is Article 2286 of the LSA-Civil Code, which provides:
 

 ' -'“The authority of the thing adjudged takes place only with respect to what ■was the object of the judgment. The . thing demanded must be the same; the : dem^d must be founded on the same cause of action; the demand must be ■tjetween the same parties, and formed by them against each other in the same quality”. - -
 

 Plaintiff contends that the three essentials above recited, i. e., identity as to the thing, demanded, cause of action and persons,. are-not present in this case because the thing demanded in his petition — damages resulting from the unwarranted delay in executing the transfer — is utterly different from that demanded in the first suit — a specific performance of the contract. He also claims that the cause of action is not the same.
 

 Defendant, on the other hand, maintains that there is but one cause of action resulting from the breach of contract and that, whereas the relief prayed for in this case is not identical with that sought in the other case, res adjudicata nonetheless obtains because that principle embraces not only the issue and demand presented in the first suit but also all matters which might have been asserted therein. In support of this proposition, reliance is placed in the main upon Norton v. Crescent City Ice Mfg. Co., 178 La. 150, 150 So. 859 and P. Olivier & Sons v. Board of Com’rs, 181 La. 802, 160 So. 419.
 

 The trial court and the Court of Appeal sustained defendant’s position on the basis of the cited cases. Those courts deduced that there was but one cause of action arising out of defendant’s breach of contract and that, whereas the demand in this case was not identical with that in the specific performance suit, that suit nevertheless operated as res adjudicata of this one under the ruling in P. Olivier & Sons v. Board of Com’rs, forasmuch as it was obvious from the nature of the demand that plaintiff could have claimed the damages presently sought in the former litigation.
 

 
 *81
 
 On the face of things, it would appear that the view of the lower courts is in conflict with Article 2286 of the LSA-Civil Code for that Article declares that the authority of the thing adjudged takes place only with respect to the object of the judgment. Since the object of the first suit was to compel a specific performance whereas this suit is for recovery of damages resulting from untimely performance, it is clear that the demand in this suit is not the same as that in the first action, even if it be conceded that defendant’s breach of contract gave rise to but one cause of action (which counsel for plaintiff strenuously deny). Accordingly, it would seem to follow that the plea of res adjudicata is not well taken unless it be, as defendant professes, that the judgment in the first suit is conclusive not only of the issue there presented but also of all matters which might have been pleaded therein — a concept of res adjudicata having its origin in the common law.
 

 But, as stated in Woodcock v. Baldwin, 110 La. 270, 34 So. 440, 441, citing the leading case of State v. American Sugar Refining Co., 108 La. 603, 32 So. 965:
 

 “The doctrine of the common law courts that res adjudicata includes not only everything pleaded in a cause but even that which might have been pleaded, does not generally obtain under our system.”
 

 See also Succession of Durnford, 1 La.Ann. 92; Kellam v. Rippey, 3 La.Ann. 202; Cantrelle v. Roman Catholic Congregation of St. James, 16 La.Ann. 442; Slocomb v. De Lizardi, 21 La.Ann. 355, 99 Am.Dec. 740; De St. Romes v. Carondelet Canal & Navigation Co., 24 La.Ann. 331; McCaffrey v. Benson, 40 La.Ann. 10, 3 So. 393; Semple v. Scarborough, 44 La.Ann. 257, 10 So. 860; Scovel v. Levy’s Heirs, 118 La. 982, 43 So. 642; Tennent v. Caffery, 163 La. 976, 113 So. 167; State, ex rel. Puritan Co. v. City of New Orleans, 169 La. 365, 125 So. 273; Cornish v. Chaney, 177 La. 10, 147 So. 363; Hope v. Madison, 194 La. 337, 193 So. 666; 2 La.Law Rev. 347, 491, “Res Judicata”, comment by Claude O’Quin; and Himel v. Connely, 195 La. 769, 197 So. 424, 427.
 

 There are only three exceptions to this general rule that res adjudicata does not apply unless there be an identity of demands, parties and cause of action, as prescribed by Article 2286 of the Code. • Those exceptions are succinctly stated in Himel v. Connely, supra, thus:
 

 “There are decisions recognizing three exceptions to the general rulq which we have quoted, but .the exceptions are not pertinent to this 'casé. One of the exceptions that was made is that in a petitory action the parties to the suit must assert whatever titles they have, and not hold back any claim for future litigation. Shaffer v. Scuddy, 14 La.Ann. 575; Heirs of Brigo't’s Heirs, v. Brigot, 49 La.Ann. 1428, 22 So. 641; Howcott v. Pettit, 106 La.
 
 *83
 
 530, 31 So. 61; Lindquist v. Maurepas Land & Lumber Co., 112 La. 1030, 36 So. 843; Gajan v. Patout & Burguieres, 135 La. 156, 65 So. 17; Succession of Whitner, 165 La. 769, 116 So. 180. Another exception to the general rule has been made in suits for a partition or division of real estate. Choppin v. Union National Bank, 47 La.Ann. 660, 17 So. 201; Wells v. Files, 136 La. 125, 66 So. 749; Samuels v. Parsons, 146 La. 262, 83 So. 548. And the third exception to the general rule has been made in suits for an injunction against the execution of a judgment, or of a writ of seizure and sale in executory process. McMicken v. Morgan, 9 La.Ann. 208; Trescott v. Lewis, 12 La.Ann. 197; Fluker v. Davis, 12 La.Ann. 613; Porter v. Morere, 30 La.Ann. 230; Brooks v. Magee, 126 . La. 388, 52 So. 551; Schwartz v. Siekmann, 136 La. 177, 66 So. 770. But, in injunction suits, the right of the head of a family to claim the homestead exemption is not waived by his enjoining the sale on other grounds without claiming the homestead exemption. Lee v. Cooper, 155 La. 143, 98 So. 869. The present suit does not come within any of the exceptions to the general rule, that the doctrine of the common-low courts, that res judicata includes not only everything pleaded in a cause but even that which might have been pleaded, does not prevail • in Louisiana.”
 
 [1]
 

 See also Hope v. Madison, supra.
 

 Hence, it is plain that this suit, not being a petitory action or a suit for a partition or one for an injunction against the execution of a judgment or a sale under executory process, comes within the general rule that res adjudicata cannot apply when the demand is not the same as that previously made, even though it might have been asserted in the original action.
 
 [2]
 

 
 *85
 
 However, we take cognizance of the fact that, notwithstanding the above cited jurisprudence, there are a few decisions which, ignoring the provisions of Article 2286 of our Code, have applied the common law doctrine that res adjudicata includes all matters that might have been raised and decided in the prior cause. These cases are notably P. Olivier & Sons v. Board of Com’rs, supra; Norton v. Crescent City Ice Mfg. Co., supra and dictum contained in Exchange Nat. Bank v. Holoman Bros., 177 La. 537, 148 So. 702.
 
 [3]
 

 Norton v. Crescent City Ice Mfg. Co. was an action sounding in damages for death by wrongful act. The question involved was whether the claimants could split their cause of action and sue on their transmitted claims, in one case, and for their direct loss resulting from the death of their parent in another case. The defendant filed a plea in bar to the second suit which the court likened to a plea of res adjudicata. The holding of the court was that a single cause of action in tort was not divisible; that all items of damages must be claimed in the same suit and that plaintiff’s failure to demand all damages due them in the first suit operated as a bar to their claims.
 

 While we think that the ruling in the Norton case is correct, we believe that the court was in error in treating the plea in bar as one of res adjudicata and in confounding the common law principle of res adjudicata with the doctrine of this State. The plea of defendant in that case might have been regarded as an exception of no cause of action or one of judicial estoppel and should have been sustained on the theory that plaintiffs would be considered as waiving all claims for damages which had not been asserted in their first suit.
 

 The same observations apply to the decision in P. Olivier & Sons v. Board of Com’rs. One of the issues in that case was
 
 *87
 
 whether a party to a construction contract could split its cause of action for damages arising out of the execution of the work. The court properly held that it could not be permitted but, incorrectly we think, grounded the dismissal of the second demand for damages on the principle of res adjudicata, citing various common law authorities in support of the conclusion and not even referring to Article 2286 of the LSA-Civil Code or the many authorities (cited above) in which it had been held that the common law theory of res adjudicata does not obtain in Louisiana.
 

 Whether plaintiff’s failure to demand the damages he is now claiming in the specific performance action precludes him from recovering them in this suit, is a matter upon which we refrain from expressing an opinion. This is because the sole issue for determination on this writ of review is whether the suit for specific performance is res adjudicata of the present action for damages. We hold that it is not.
 

 For the foregoing reasons, the judgments of the district court and the Court of Appeal are annulled and set aside; the exception of res adjudicata is overruled and the case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed. The costs, incurred in the Court of Appeal and this court are to be paid by the defendant. Taxation of all other costs is to be deferred until final disposition of the cause.
 

 [1]
 

 . In connection with the three exceptions to the provisions of Article 2286 of the Code, which have been recognized by this court, it is noteworthy that, in each of them, there is an identity of demands and parties and that it is only the issue upon which the cause of action is founded that is not the same.
 

 [2]
 

 . Besides the three exceptions above noted, there is another instance in Louisiana wherein res adjudícala will preclude the court from entertaining another de-, mand on the same cause of action. This occurs in cases where the prior litigation has been determined on questions of fact. In those matters, it has been held that res adjudicata precludes the court from again considering the same issue even though the thing demanded may not be identical with relation to time of accrual as the thing demanded in the prior suit. The leading case on this subject is State v. American Sugar Refining Co., 1902, 108 La. 603, 32 So.
 
 965.
 
 Of more recent date, see Carpenter v. Metropolitan Life Ins. Co., La.App.1936, 167 So.
 
 *85
 
 223, and Picard v. Mutual Life Ins. Co. of New York, 1947, 212 La. 234, 31 So.2d 783.
 

 It is to be observed, however, that these cases furnish examples of a limited application of the principle of res adjudicata, in that they preclude a second action for recovery of different amounts than those originally sued for only when the court, in the first action, has denied plaintiff a recovery and the judgment is based solely on a determination of questions of fact. But, if recovery has been permitted, the adjudication of the factual liability would appear to vouchsafe, rather than bar, recovery of the amounts subsequently demanded or the rights sought to be enforced.
 

 [3]
 

 . In addition, the cases of Morgan v. Calliham, La.App., 171 So. 132; Buillard v. Davis, 185 La. 255, 169 So. 78 and Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805, appear to be out of line with the rest of the jurisprudence. See O’Quin, “Res Judicata” 2 La. L.Rev. 347, 491.