TATE, Judge.
Plaintiff appeals from judgment sustaining an exception of no cause of action to his suit for damages resulting from defendant’s delay in performing a contract to purchase real estate.
Originally, by suit number 32,366 of the Nineteenth Judicial District Court, East Baton Rouge Parish, the plaintiff had sued defendant to compel specific performance of an agreement to purchase certain real estate. The Supreme Court affirmed the trial court’s decree ordering and directing the defendant to take title to property in question “for the [agreed] consideration of Fifteen Thousand and No/100 ($15,000.-00) Cash” (trial court judgment, suit number 32,366). Quarles v. Lewis, 219 La. 194, 52 So.2d 713. The defendant complied with this decree.
Subsequently, the present suit (docket number 42,731) was filed for alleged damages sustained by plaintiff due to the delay by defendant in the performance of his contract to purchase the realty.
The District Court’s action in dismissing this second suit (the present) on an exception of res adjudicata was initially sustained by this court. 67 So.2d 106. However, we were reversed by the Supreme Court, 226 La. 76, 75 So.2d 14, which held that for that exception to lie as to the second suit the demand of both suits must be the same, as well as the parties and the cause of action, Article 2286, LSA-Civil Code; whereas the demand of the first suit — i. e., to compel specific performance • — differed from that of the second suit— i. e., the recovery of damages for the untimely performance thereof. Our brothers above pointed out that under our civilian system of law, unlike in common law jurisdictions, res adjudicata includes only the issues actually pleaded, not also those which might have been pleaded in the first suit.
On the remand, the District Court overruled all exceptions except that of no cause of action (denoted, as is so often the practice, as that “of no right and cause of action”). This exception was referred to the merits, trial was had, and thereafter the trial court sustained the exception of no cause of action and dismissed plaintiff’s suit. Our learned brother below felt this result called for by the Supreme Court’s approving interpretation in their previous opinion in this case of P. Olivier & Sons v. Board of Com’rs, 181 La. 802, 160 So. 419, and Norton v. Crescent City Ice Mfg. Co., 178 La. 150, 150 So. 859, as holding that the plaintiffs therein had waived all claims for damages not asserted by their first suits arising out of the same delictual or contractual breach of duty.
The P. Olivier & Sons case sustained an exception to a suit for additional damages for a “bad faith” breach of contract under Article 1934(2) LSA-C.C. In an earlier suit (177 La. 157, 146 So. 12) plaintiff had sought and recovered the lesser measure of damages allowed for a “good faith” breach, Article 1934(1), LSA-C.C.
In the Norton case, the second suit by decedent’s children was barred, by which they had sought to recover the direct losses occasioned them by their father’s wrongful death. In an earlier suit (178 La. 135, 150 So. 855) they had asserted only their claim for damages under the transmitted rights of their parents. (Under Article 2315, LSA-C.C., the survivors are of course entitled to both the transmitted and direct damages sustained through the wrongful death of their decedent.)
*303 The legal rule expressed by these cases is that “a single claim, arising either in contract or in tort, cannot be divided and made the subject of several suits,” P. Olivier & Sons case, 160 So. 421. The reason for the rule is to minimize litigation and to prevent harassing defendants by a multiplicity of suits based upon the same claim. See Note, “Louisiana Practice — Splitting Causes of Action”, 14 La. 1, Rev. 905, 907. The plaintiff is considered to have waived all portions of the claim not asserted in the prior suit. Cf., Quarles v. Lewis, 226 La. 76, 75 So.2d 14, 17.
In this last-cited opinion deciding that the plea of res adjudicata did not lie as to the present suit, we interpret the Supreme Court to have held that the demand for specific performance in the first suit between the present parties was a separate and distinct and different claim than that now asserted for damages for the delayed performance. If this is so, it would seem to follow that plaintiff did not waive by his earlier suit his entirely separate claim» for damages herein: Thus, the delayed performance of the contract terminates the first claim, and it is only then that the second claim fully accrues; to compel to do and to compel to pay for not doing timely, rather than a single claim, are correlative and complementary claims.
In the first suit, plaintiff sought specific performance by defendant of his agreement to purchase the property. Plaintiff’s prayer therein sought to enforce two types of obligations: to require the defendant (1) “to pay the consideration called for by the contract” (2) “to take title to said property” (suit number 32,366.)
The damages sought by the present suit are: (1) legal interest amounting to $1,664.58 upon the purchase price during the period defendant was in default in the payment of same (which constitutes damages for breach of the first obligation above set forth); (2) reimbursement of taxes in the amount of $268.70 paid by plaintiff due to defendant’s failure to take title timely to the property he had. agreed to buy (which damages to plaintiff resulted from the defendant’s breach of the second type of obligation, as set forth above, of the contract to purchase.)
The measure of damages for the delay in performance of obligations to pay money is regulated by LSA-C.C., Article 1935'; the measure of damages for the breach, in-execution, or delay in performance of obligations other than those requiring the payment of money is regulated bv LSA-C.C., Article 1934.
As to the first type of damages, “The damages due for delay in the performance of an obligation to pay money are called ■interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more.” Article 1935, LSA-C.C. In the. absence of other stipulation, debts bear interest at the rate of five per cent per annum, LSA-Civil Code, Article 1938, as demanded by plaintiff herein.
But even though the claim for legal interest upon the money demanded may under the present exceptional circumstances be a separate and distinct claim than that for the principal; nevertheless Code of Practice, Article 157 provides that a creditor who fails to include interest in his demand in a suit is “considered as having remitted it” and “can not, after judgment, demand such interest by another action.” Cf., Article 553, C.P. In our opinion, this article applies to and bars plaintiff’s present demand for legal interest upon the unpaid purchase price even though the initial suit was for an order to defendant to pay same rather than for a monied judgment therefor.
But no such statutory bar inhibits plaintiff’s recovery of damages resulting from plaintiff’s payment of the 1949 and 1950 taxes totaling $268.70 upon .the property during the period that defendant was in default in his agreement to take title to the property after March of 1949." As noted *304 above, this claim is separate and distinct from the claim asserted in the initial specific performance suit, so that plaintiff did not split his cause of action between the two suits. And, as a practical matter, the claims for taxes had not accrued at the time the earlier suit was filed and could not have been .asserted with any definiteness therein since the amount of taxes had not yet been ascertained as to any year or as to the number of years plaintiff would be required to pay same during the unascertainable duration of the defendant’s default.
Under Articles VI and VII of the petition in the present suit, plaintiff alleged that defendant’s breach of the obligation to perform the contract timely had caused him various losses, such as economic embarrassment due to his failure to receive the consideration on time [1] and the expenses of the protracted litigation to compel defendant to live up to his contract. Article VIII of plaintiff’s petition then alleges that “as a fair measure” of such damages plaintiff was entitled to legal interest in the total amount of $1,664.58 upon the purchase 'price of $15,000 for the period of about two years during which it was unpaid after becoming due.
At the trial, the District Court correctly sustained defendant’s objection to plaintiff’s tender of proof of such specific losses, holding that the petition had demanded only legal interest upon the unpaid purchase price and that therefore such evidence was outside the allegations of the pleading. (We might add that, assuming for the illustration only that such damages for the delay in the performance are recoverable, plaintiff’s omission to seek them in the present suit would seem to preclude his seeking them in yet another suit, since this would constitute splitting his single cause of action for damages caused him by defendant’s delay in the performance of the contract, part of which damages are sought by the present suit.)
Able counsel for defendant also contends that under LSA-C.C., Article 1926 the obligee may demand either specific performance of a contract or else damages for the failure to perform it, but never both. However, under both the codal article[2] and the jurisprudence, this restriction of damages recoverable by the obligee demanding specific performance refers only to such damages as would have been recoverable by the termination of the contract or in lieu of the performance thereof, and does not include the damages resulting from the ob-ligor’s delay in fulfilling his legal duty and which the latter’s specific performance has not made whole, Davis v. Oaklawn, Inc., 212 La. 392, 31 So.2d 837; Manning v. Cohen, 124 La. 869, 50 So. 778; Bonfield v. Tichenor, La.App.Orl., 189 So. 635; the latter two cases after specific discussion specifically holding that the plaintiffs-obligees of contracts to sell real estate were entitled not only to specific performance but also to the damages caused by the delay in the performance.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed insofar as it sustained the exception of no cause of action to that portion of the plaintiff’s demand herein which was for legal interest upon the unpaid purchase price during defendant’s delay in the performance of the contract in question; but it is reversed insofar as it sustained the exception to plaintiff’s claim for recovery of the *305 taxes on the property during that interval, and judgment is rendered on the merits in favor of plaintiff, John Esten Quarles, and against the defendant, Arthur Cullen Lewis, Jr., in the full sum of $268.70, together with interest at the rate of five per cent per annum thereupon from date of judicial demand until paid, and for all costs of these proceedings.
Affirmed in part, reversed in part.

. This type of damages resulting from the delay in performance of an obligation to pay money is apparently barred by Article 1935, C.C., above-quoted, which limits such damages to interest on the money during the period it is not paid.

. Article 1926, LSA-Civil Code: “On the breach of any obligation to do, or not to do, tbe obligee is entitled either to damages, or, in the cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may he given where they have accrued, according to the rules established in the following section.” (Italics ours.)