ELLIS, Judge.
Final judgment in favor of plaintiffs was signed herein on September 4, 1964, and an application for new trial by defendants was refused on October 6, 1964. A devolutive appeal was granted on December 22, 1964, conditioned on the furnishing of a $250.00 bond, which was posted in cash on the same day. The return day fixed for the appeal was February 15, 1965. On January 18, 1965, defendants’ counsel of record withdrew as such.
The costs of preparing the record for appeal were not timely paid, and the record was not lodged in this court by the return date. In May, 1966, the costs of preparing the record for appeal were charged against the bond, and the balance returned to defendants.
In February, 1968, one of the defendants wrote the Clerk of the 19th Judicial District Court and requested that the record be lodged in this Court. The record was finally filed with this Court on June 26, 1969, at the request of defendants’ counsel.
This motion to dismiss is based on the failure of defendants to timely pay the costs, resulting in the record not being lodged by the return date.
Defendants contend that the motion to dismiss is not timely filed under the provisions of Article 2161 of the Code of Civil Procedure, since it was filed more than three days after the date the record was finally lodged in the Court.
The cases of Mid-State Homes v. Davis, 169 So.2d 404 (La.App. 4th Cir. 1964); and Thibodeaux v. Aetna Casualty and Surety Co., 213 So.2d 189 (La.App. 3 Cir. 1968) are directly in point and support defendant’s contention.
On the other hand, the case of Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666 (1957), which was decided before the adoption of the Code of Civil Procedure, characterizes the failure to lodge the record timely as jurisdictional, and not subject to the three day limitation. However, an examination of this case, and the cases cited therein, shows that the actual basis for a dismissal under those circumstances is not loss of jurisdiction by the court but a presumption of abandonment of the appeal by appellant. W. T. Burton Co. v. Stevens & Co., 216 La. 1090, 45 So.2d 634 (1950).
Article 2162 of the Code of Civil Procedure provides that a motion to dismiss an appeal may be filed at any time if based on abandonment of the appeal under the rules of the appellate court. Under our rules, the appeal may be considered as abandoned for non-prosecution for five years or when the appellant has neither appeared nor filed brief prior to the date fixed for submission of the case. Rule 8, Section 5(a) and (b) Uniform Rules of the Court of Appeal. Neither of those circumstances appears in this case. Nowhere do the rules mention the failure to lodge the record timely as a basis for a presumption of abandonment.
We therefore find that it is controlled by Article 2161 of the Code of Civil Procedure, and, since it was filed more than three days after the record was lodged, the motion is not timely.
The motion to dismiss is, accordingly, denied, at plaintiff’s cost.
Motion denied.