SARTAIN, Judge.
This is a petitory action in which defendants-appellants appeal from a judgment awarding plaintiffs an undivided 28.-34 per cent interest in title to 75.32 acres of land situated in the Parish of East Baton Rouge, Louisiana. Appellants’ title, acquired from a third party tax sale purchaser, was annulled for fraud. We are of the opinion that the decision of the trial court is correct and should be affirmed.
The facts upon which this matter must be adjudicated are presented primarily through the allegations of the petition, the answer thereto, and a joint stipulation. Green B. White was the undisputed owner of the subject property when he died in 1921. White was married three times and had lawful issue of each marriage. Plaintiffs herein are issue of White’s first and second marriages. The defendants are the wife and issue of the third union.
Annie Smith White and her children resided on the property until sometime after 1927. Taxes on the land were paid by defendant from 1921 to 1926, inclusive. The 1926 taxes were not paid and the property was sold at a tax sale on July 14, 1927, to W. H. Smith for $20.88, representing taxes and costs. W. H. Smith is an uncle of Annie Smith White. On August 1, 1928, he transferred the property to Annie Smith White for the recited consideration of $500.00.
Notice of the tax sale was mailed to Green B. White, then deceased, but was receipted for by Minnie White Dirr (Nichols), daughter of decedent’s second marriage. Defendant and her children were in possession of the property at the time of the tax sale. Within a year of the sale they left the property and remained away for approximately six months. It is stipulated that if Luther White, child of the second marriage and Everett White, a grandchild of the first marriage, were to testify in person, they would state that Minnie White Dirr did not advise them of her receipt of the tax notice which preceded the sale to W. H. Smith. It is also stipulated that Luther White would testify that he gave defendant small amounts of money prior to 1926, because she needed financial assistance, but that defendant did not request aid from him for payment of 1926 taxes. Another stipulation recites that Luther White and Everett White would testify that defendant never notified them that she had obtained or thought she had acquired title through the tax sale to Smith and the subsequent transfer to herself.
Elisha White and Maggie White Browning, children of decedent’s third marriage would, according to the stipulation, testify that to the best of their knowledge, plaintiff, Luther White, never gave defendant any amounts of money. Elisha White would also testify that her mother told Luther White, in Elisha’s presence, that she had purchased the land from her uncle and that conversation took place within a few weeks after defendant had acquired the land from Smith. In August of 1952 the succession of Green B. White was opened and on August 11, 1952 the children of *292 decedent’s third marriage were recognized as his heirs at law and as such declared owners of the subject property. This present action was filed on June 23, 1961. On November 4, 1961 Annie Smith White transferred the property in question to Alma Parker Martin, issue of decedent’s marriage to the defendant. The act of transfer recited a cash payment of $10.00 and “other consideration”.
The lawful heirs of Green B. White are: Mary White Byers, daughter of decedent’s first wife; Sarah Kahan, David White, Everett White and Mary Elizabeth White Beard, children of Tom H. White, deceased’s son of his first marriage; Allen White and Curtis White, children of William David White, deceased’s son of the first marriage; James Vernon White, Luther A. White and Minnie White Dirr Nichols, issue of decedent’s marriage to Mary Buckles (Mrs. M. J. Miller); Maggie White Browning, Elisha White, Alma White Martin and Abbie R. White, children of decedent’s marriage to defendant herein.
Plaintiffs in this suit are Everett White, Mary White Beard, Allen White, Curtis White, James Vernon White, Luther A. White, David White, Mary White Byers and Minnie White Nichols.
In plaintiffs’ petition they attack the tax sale to W. H. Smith as having been invalid for (1) improper notice in that the record owner was deceased at the time the tax notice issued and (2) insufficient description to properly identify the property sold for taxes. In addition, plaintiffs urge that defendants’ acquisition was fraudulently obtained through the means of an interposed third party, W. H. Smith. In this latter connection it is argued that the defendant owed a fiduciary duty to preserve the interests of her children in the property and, as their tutrix, she could not adversely acquire their interest therein. The basic argument is that as agent of the minor co-owners defendant’s action amounted to payment of taxes in the minor’s behalf and such payment also redounded to the benefit of plaintiffs as co-owners with the minors. Of these three issues we will first consider the latter one for if the transaction between W. H. Smith and Annie Smith White was indeed a fraudulent one, the first two issues need not be resolved. Further, these first two issues were squarely presented in and determined by a district court, Court of Appeal, and Supreme Court of Louisiana in White v. Lockhart, 229 La. 611, 86 So.2d 397 (1956) and the same case at 129 So.2d 917 (1st La.App., 1961, writs denied, 1961)..
Defendants filed several exceptions; however, we are here concerned with their plea of res judicata. This exception is predicated upon the prior litigation between defendants and the present plaintiff, Luther A. White, and certain other heirs of decedent, Green B. White, in the Lock-hart cases, supra.
We are of the opinion that the Lockhart cases are not res judicata as to the issue of whether or not the transaction between W. H. Smith and Annie Smith White was a fraudulent one because the legal effect of the transaction between W. H. Smith and Annie Smith White was not presented to nor passed upon by either the Supreme Court in the first case or ourselves in the second one.
In White v. Lockhart, supra, plaintiffs therein, issue of decedent’s second marriage, initiated a timber trespass action against defendant, Lockhart, in Livingston Parish because that was the parish of Lockhart’s domicile. The principal demand was for a percentage of the value of timber cut and removed from the subject property. Lockhart defended on the ground that he had acquired title to the timber from Annie Smith White, whom he called in warranty. Warrantor filed exceptions of want of procedural capacity, lack of interest, no cause or right of action, prescription and lack of jurisdiction ratione materiae. The trial court overruled warrantor’s exceptions of want or le *293 gal interest and prescription but maintained the remaining exceptions and dismissed plaintiffs’ suit with reservation of the right to bring an appropriate action in East Baton Rouge Parish. The Supreme Court reversed the trial court insofar as it maintained the exceptions of no right or cause of action, want of procedural capacity and lack of jurisdiction, holding that the issue as to whether or not Lockhart was a trespasser must be resolved by determining warrantor’s title on the merits. The matter was therefore remanded to the trial court. On the remand the trial court initially held for plaintiffs but on rehearing reversed itself and rendered judgment for defendants. Plaintiffs’ appeal to the Supreme Court was transferred to this court on authority of Article 7, Section 30, Louisiana Constitution of 1921. This court, see 129 So.2d 917 (1961), held that the tax sale was valid and also that it was cured by a prescription of six months and five years urged by warrantor pursuant to Article 10, Section 11, Louisiana Constitution of 1921.
In the instant matter defendants’ plea of res judicata was rejected by the trial court on the ground that the cause of action in White v. Lockhart, supra, was one of trespass and therefore different from the peti-tory action herein asserted and further that the parties were not the same in each action. We concur in this holding because the issue here presented is not only the validity of the tax sale but also the transaction between W. H. Smith and defendant, Annie Smith White, insofar as these transactions pertained to the rights of her minor children and the remaining plaintiffs who owned the property in indivisión with the minors. In the Lockhart case we were particularly concerned with Lockhart’s right as a purchaser of timber. Lockhart was an intervening third party who had relied upon the public records which, at the time, failed to disclose any adverse claim on the part of the plaintiffs. 129 So.2d 917, 921.
In Quarles v. Lewis, La.App., 67 So.2d 106 (1953) we held that the same plaintiff in a previous suit, 219 La. 194, 52 So.2d 713 (1951), though successful in requiring the specific performance of a contract, could not in a second suit demand damages for the delay in performance because such damages could have been asked for and obtained in the first suit. Citing P. Olivier & Sons v. Board of Commissioners, 181 La. 802, 160 So. 419. The Supreme Court granted writs, Quarles v. Lewis, 226 La. 76, 75 So.2d 14 and exhaustively reviewed the jurisprudence on the subject and stated as follows: (75 So.2d 15,16) -
“On the face of things, it would appear that the view of the lower courts is in conflict with Article 2286 of the LSA-Civil Code for that Article declares that the authority of the thing adjudged takes place only with respect to the object of the judgment. Since the object of the first suit was to compel a specific performance whereas this suit is for recovery of damages resulting from untimely performance, it is clear that the demand in this suit is not the same as that in the first action, even if it be conceded that defendant’s breach of contract gave rise to but one cause of action (which counsel for plaintiff strenuously deny). Accordingly, it would seem to follow that the plea of res adjudicata is not well taken unless it be, as defendant professes, that the judgment in the first suit is conclusive not only of the issue there presented hut also of all matters which might have been pleaded therein — a concept of res adjudicata having its origin in the common law.
But as stated in Woodcock v. Baldwin, 110 La. 270, 34 So. 440, 441, citing the leading case of State v. American Sugar Refining Co., 108 La. 603, 32 So. 965:

‘The doctrine of the common law courts that res adjudicata includes not only everything pleaded in a cause hut even that which might have been pleaded, does not generally obtain under our system.’

*294 * * * * * *
There are only three exceptions to this general rule that res adjudicata does not apply unless there be an identity of demands, parties and cause of action, as prescribed by Article 2286 of the Code. Those exceptions are succinctly stated in Himel v. Connely, [195 La. 769, 197 So. 424] supra, thus:
‘There are decisions recognizing three exceptions to the general rule which we have quoted, but the exceptions are not pertinent to this case. One of the exceptions that was made is that in a petitory action the parties to the suit must assert whatever titles they have, and not hold back any claim for future litigation. Shaffer v. Scuddy, 14 La. Ann. 575; Heirs of Brigot’s Heirs v. Brigot, 49 La.Ann. 1428, 22 So. 641; Howcott v. Pettit, 106 La. 530, 31 So. 61; Lindquist v. Maurepas Land & Lumber Co., 112 La. 1030, 36 So. 843; Gajan v. Patout & Burguieres, 135 La. 156, 65 So. 17; Succession of Whitner, 165 La. 769, 116 So. 180. Another exception to the general rule has been made in suits for a partition or division of real estate. Choppin v. Union National Bank, 47 La.Ann. 660, 17 So. 201; Wells v. Files, 136 La. 125, 66 So. 749; Samuels v. Parsons, 146 La. 262, 83 So. 548. And the third exception to the general rule has been made in suits for an injunction against the execution of a judgment, or a writ of seizure and sale in executory process. McMicken v. Morgan, 9 La.Ann. 208; Trescott v. Lewis, 12 La.Ann. 197; Fluker v. Davis, 12 La.Ann. 613; Porter v. Morere, 30 La.Ann. 230; Brooks v. Magee, 126 La. 388, 52 So. 551; Schwartz v. Siekmann, 136 La. 177, 66 So. 770. But, in injunction suits, the right of the head of a family to claim the homestead exemption is not waived by his enjoining the sale on other grounds without claiming the homestead exemption. Lee v. Cooper, 155 La. 143, 98 So. 869. The present suit does not come within any of the exceptions to the general rule, that the doctrine of the commonlaw courts, that res judicata includes not only everything pleaded in a cause but even that which might have been pleaded, does not prevail in Louisiana.’
See Hope v. Madison, [194 La. 337, 193 So. 666] supra.
Hence, it is plain that this suit, not being a petitory action for a suit for a partition or one for an injunction against the execution of a judgment or a sale under executory process, comes within the general rule that res adjudicata cannot apply when the demand is not the same as that previously made, even though it might have been asserted in the original action.
However, we take cognizance of the fact that, notwithstanding the above cited jurisprudence, there are a few decisions which, ignoring the provisions of Article 2286 of our Code, have applied the common law doctrine that res adjudicata includes all matters that might have been raised and decided in the prior cause. These cases are notably P. Olivier & Sons v. Board of Com’rs, supra; Norton v. Crescent City Ice Mfg. Co., [178 La. 150, 150 So. 859] supra and dictum contained in Exchange Nat. Bank v. Holoman Bros., 177 La. 537,148 So. 702.
‡ * * j{c * *
Whether plaintiff’s failure to demand the damages he is now claiming in the specific performance action precludes him from recovering them in this suit, is a matter upon which we refrain from expressing an opinion. This is because the sole issue for determination on this writ of review is whether the suit for specific performance is res adjudicata of the present action for damages. We hold that it is not.” (Emphasis ours.)
 Applying the above cited authorities to the issue at hand, the question for resolution is whether or not plaintiffs were required in the suit against Lockhart for *295 trespass to allege and urge fraud on the part of defendant, Annie Smith White, or be met now with a plea of res judicata on the issue of title for failing to do so. We must answer this question in the negative for several reasons. . One, our appreciation of the rule relative to the application of Article 2286 does not require that a defendant urge all defenses available to it except in such situations as are specifically required as hereinabove set forth. Further, res judicata being stricti juris, a suit in trespass cannot be converted into a peti-tory action. The call in warranty of the defendant in the Lockhart case was an incidental matter to the main action and was done solely for the procedural necessity of determining whether or not Lockhart was a trespasser and liable as such.
It is also noted that the parties in the Lockhart case were the children of Green B. White’s second marriage whereas the plaintiffs in the instant matter not only include children of the second marriage but also children and heirs of the decedent by his first wife. Accordingly, we must conclude that the demands in the first action and the parties are not the same and therefore the exception of res judicata was properly overruled.
We now turn to the merits of the case on the main demand, i. e., whether or not as a matter of law Annie Smith White committed a fraud upon her children and their co-owners when she acquired the property from her uncle, W. H. Smith. On this issue the trial judge stated:
“The proceedings for the tax sale of the property were conceived and instituted in fraud of the rights of the children of Green White, including those of his first two marriages, plaintiffs herein. Some thirteen months later, when Mrs. White had both a right and duty to redeem the property from her uncle for the $20.88 taxes and costs in the name of the owners, she instead purchased it in her own name for a recited consideration of $500.00. There can be no doubt that Mrs. White violated her duty to act for her children and the other children of her deceased husband, and the circumstances of the purchase for $500.00 some thirteen months after she purportedly had not the resources to pay taxes of $14.56 raises an almost irrebutable inference of fraud in the whole series of transactions. In addition she suffered the express prohibition of C.C. Article 337 from buying the property in which her children held an undivided interest. In the light of circumstances inferring fraud the burden shifts to the person seeking to uphold the sale to prove its validity; King v. Atkins, 33 La.Ann. 1057; First National Bank of Ruston v. Jones, 186 La. 269, 172 So. 155; Williams v. Watts, La.App., 195 So. 54; Chelette V. Chelette, [La.App.] 5 So.2d 553. The defendant has offered no proof of the validity of the transactions here.
The Court therefore concludes that Mrs. White attempted to defraud her children and step-children of their interests in the property and that Mr. Smith was a party interposed for this purpose. The sale is thus null and void unless these defects are cured by prescription; C. C. Articles 337, 12, 1847, 1848.
The fact that Mrs. White had a duty to pay the taxes on the property and represent the interest of her children, by virtue of her tutorship, puts her in much the same position as her children in regard to their co-owners. She was charged with the duty of acting for a co-owner. But even in the absence of that specific duty imposed by the Code, she had a responsibility to act in regard to the land in no way contrary to the interest of the plaintiffs. They had allowed her to remain in possession of their property, and she agreed to pay the taxes on it. In view of the means by which she attempted to acquire the property, her declaration to the contrary could be given little weight. It is, in fact, stipulated that she had paid the *296 taxes for the five years preceding the sale. This circumstance brings the case within the principle of law that a purchase at a tax sale by a co-owner, or one under a duty to pay the tax, operates as a payment of the tax rather than a sale of the property. The payment inures to the benefit of all the owners, who may assert their rights by paying up their pro-rata share of the taxes; Cooper v. Edwards, 152 La. 23, 92 So. 721; Harrell v. Harrell, 174 La. 957, 142 So. 138; Wall v. Hamner, 182 La. 1049, 162 So. 769; Skannel [Skannal] v. Hespeth, 196 La. 87, 198 So. 661; Keller v. Haas, 209 La. 343, 24 So.2d 610; Hodgeson v. McDaniel, 233 La. 180, 96 So.2d 481.”
 We concur in these findings by the trial judge and further cite Civil Code Article 248 which conferred upon Mrs. White the relation of tutrix by nature of her children. Under Article 253 of the Civil Code, while not compelled to accept the tutorship of her children, she was bound to fulfill the duties of a tutrix until she had caused one to be appointed. C.C. Article 337 charges her with the responsibility of prudently administering the affairs of the minors.
We note from the record that the taxes were paid regularly from 1921 to 1926 and from 1928 to the date of the trial by defendant. We conclude as did the trial judge that it is strange indeed that she would be forced to permit the adjudication of the minors’ property for taxes in the amount of $20.88 and yet during the following year acquire the same property for a recited consideration of $500.00. Of particular significance is the fact that she acquired this property from her uncle within the three year period permitted for the redemption of property sold for taxes. The trial judge found as a matter of fact that the plaintiffs did not learn of the tax sale or the subsequent adjudication of the property to the defendant until 1952 and since that time they have diligently endeavored to pursue their interests. The succession was opened in 1952 and we assume for the express purpose of judicially determining the legal heirs of decedent, Green B. White. The Lockhart case was filed shortly thereafter. It was not concluded until June of 1961 when writs were denied by the Supreme Court. This present suit was filed on June 30, 1961 and following several hearings on exceptions, etc., was tried on the merits on April 19, 1963 and rendered with written reasons assigned on September 4, 1964. Through no fault of plaintiffs, the record was not lodged in this court until June 26, 1969. White v. White, La.App., 227 So.2d 760. Under these circumstances it certainly cannot be said that the plaintiffs who were successful in the trial court are guilty of laches.
The judge has accounted for thé interests of the various heirs of Green B. White, including those who have renounced or quitclaimed any interest in his succession and the children of the defendant. He determined that the six remaining plaintiffs owed an undivided 28.34 interest in the property and he pro-rated it accordingly. We have examined his reasons therefor and find no error. Finally, the trial judge concluded that the sale by the defendant, Annie Smith White, to her own daughter, Alma White Parker Martin, having been attempted after the filing of this suit is null and of no effect. We find no error in this determination.
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed at appellants’ costs.
Affirmed.