*PAXTON vs. COBB.*

A judgment obtained by the fraudulent representations of the plaintiff's attorney is void.

In such an action the defendant is not driven to a distinct action, but may demand the nullity whenever it is sought to be enforced

The authority of the attorney is not restricted to the mere prosecution of the suit, but extends to every thing necessary for the protection of the interests intrusted to his care.

If he dismiss the action it is within the scope of his authority, and the plaintiff is bound by his acts.

The plaintiff obtained a judgment against Mary Cobb, one

S

of the defendants, for a slave, and having failed in his efforts to get possession, brought this suit to recover the value and hire.

The answer set up the following grounds of defence:

1. That the judgment was null and void for want of the reasons upon which it was rendered.

2. That she had a good and legal defence, which would have been made but for the fraudulent representations of the plaintiff's attorney.

The answer contained a plea in reconvention, and a demand that the judgment be declared null and void. It appeared that the plaintiff took a judgment by default on the 19th June, 1825, which was made final on the 22d, no opposition being made thereto."

On the trial, the defendant proved that the plaintiff's attorney assured her if she would disclaim title to the slave, the suit should be discontinued as regarded her : That she did disclaim, notwithstanding which the judgment was obtained as above stated. The cause was tried by a jury, who found for the defendant, and the plaintiff appealed.

*Morgan* for appellant,

*Lawrence* for appellee.

*Porter, J.*, delivered the opinion of the court.

The plaintiff states that he heretofore recovered a judgment against one of the defendants, Mary Cobb, and a certain Henry Roach, by which they were decreed to deliver up possession of a slave to him: That he had demanded the property, and cannot get it : that he has issued a writ of possession which has been unavailing. He further states, that he believes the defendant has removed the slave out of the jurisdiction of the court and the reach of its process, to defeat the judgment. He prays for judgmnet against the defendants for the value of the property, and for the use of it since the time it should have been delivered up.

The defendant denies the allegations, except so far as they

relate to the judgment, and that judgment she avers to be null and void as to her, because it was not clothed with the forms required by the constitution to render it binding: and, second, because it was obtained through the fraudulent practices of the attorney of the plaintiff. She reconvenes the plaintiff and prays that the judgment rendered against her be declared a nullity, and that she recover the sum of three hundred dollars, the damage sustained by her in consequence of the fraud practised by the petitioner.

The cause was submitted to a jury, who found for the defendant. The plaintiff appealed.

It was proved that after the suit was commenced, the attorney for the petitioner told the defendant, that if she would renounce all claim to the slave in question, he would dismiss the suit as against her. That she then said, that the slave was not in her possession, and that she had no right to her. Notwithstanding the promise, he proceeded and obtained judgment against her.

Such conduct was fraudulent on the part of the attorney, and brings the case within the provisions of the Code of Practice in relation to the nullity of judgments.

There are two objections in the case which require observations from the court.

The *first* is, whether the nullity can be affected by way of exception or defence, or can be pleaded in reconvention? and, the *second*, if it can, is the client responsible for a fraud or deceit of this kind, on the part of his attorney?

The Code of Practice does not speak of the nullity of judgments being offered as an exception, and directs that suit shall be brought to set them aside. But we believe it is a general rule in jurisprudence, that wherever a man may sue, he can except, when the matter which he might have annulled in an action, is presented as the basis of a demand against him. The proposition seems to us as true in law as in morals, that what you have a right to attack and destroy,

Eastern District,
*January* 1831

PAXTON
*vs.*
COBB.

A judgment obtained by the fraudulent representations of the plaintiff's attorney is void.

In such a case the defendant is not driven to a distinct action. but may demand the nullity whenever it is sought to be enforced,

PAXTON
*vs.*
COBB,

you may resist  when  it is used as a means of injuring you. Were it otherwise, and  the defendant  was driven to  a distinct action, then  the  spectacle  might  be presented, of  the same  court  trying two  causes between  the same parties in immediate  succession, in which the judgment  would be contradictory, and  contrary to  each  other.    In  the  one, the plaintiff  would  recover  in virtue  of his  judgment.    In the other, that judgment would be declared null and of no effect.

On the other ground, the want of authority in the attorney to dismiss the action against one of  the defendants, or to enter into  an agreement to do so.    It was urged, that the authority  of the attorney extended to commence suit and carry it on to final  judgment.    That he was empowered to do every thing necessary to accomplish these objects, but  that when he engaged  not  to prosecute the  suit,  he was acting beyond the scope of his  duties, and his acts were not binding on his clients.    This argument is ingenious enough, but we think it is defective in  limiting, too strictly, the power of the attorney.    His  authority, in our  judgment,  extends to every  thing  necessary  to the protection and promotion of the  interests intrusted  to his  care, so far as they are to be affected by the proceedings in the court where he represents his client.    In order that  his services may be useful,  more must be entrusted to him than the  mere prosecution of the suit.    If he was restricted,  as is contended,  then were his client not present in court,  he might be compelled to sacrifice the  interests of his principal,  by putting his  case into court  on defective  evidence—he  could not take a nonsuit. In a case where there  were  several defendants,  and he discovered, in the progress of  the  cause, that it was important to the interests of  the client to use one of them as a witness, he could not  obtain his evidence by  dismissing  the action against him, and proceeding against the others.    We cannot distinguish such cases as these from that now before us.    It is frequently as necessary  for the interests and safety of the

*The  authority of the attorney is not  restricted  to the mere prosecution  of  the suit, but extends to every thing necessary for  the  protection of the interests intrusted to his care*

client, that the attorney should have the power to recede as to advance—to dismiss, as to prosecute.   The necessity of doing one or the other frequently arises in a  moment when consultation is impossible, hence the necessity of vesting discretion in counsel.   What were the motives that induced the attorney to make the agreement in question with the defendant, and what tempted him to break it, we do not know, and probably never will, as the death of the agent prevents him giving any explanation of his conduct.   But be the motives what they may, it was within the scope of his authority to dismiss the action, and the plaintiff is bound by his acts.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

*Eastern District,*
*January* 1831.

PAXTON
*vs.*
COBB.

If he dismiss the action it is within the scope of his authority, and the plaintiff is bound by his acts.