## ESTATE OF JOHN AND MARTHA ROUTON.

The validity of a judgment ordering a partition cannot be inquired into, on the trial of an opposition to an administrator's account, which is not based on the partition, and which does not embrace any of the property divided.

APPEAL from the District Court of the parish of Catahoula, *Barry*, J. *Taliaferro*, for the administrator. *Hendry*, for appellant.

BUCHANAN, J.   *John* and *Martha Routon* died in 1850, leaving five children surviving, and grandchildren, issue of two children deceased.   *Talbot A. Routon*, one of the children, qualified as administrator, and in the same year brought a suit for partition of the slaves belonging to the estate, upon which a judgment was rendered in December, 1850.   In 1854, *Robert J. Plant*, guardian of *William H. Routon*, grandchild and one of the heirs of *John* and *Martha Routon* presented his petition, calling upon the administrator to file an account of his administration, which he has done.   The account filed charges the administrator with moneys received, and credits him with moneys paid. The guardian of *William H. Routon* has opposed several items of the credit side of this account, but the principal ground of opposition relates to the slaves which had been partitioned under the judgment of court before mentioned.

Opponent alleges that the proceedings in partition were null, as regards the minor, for want of a compliance with legal formalities.

The judgment of the District Court sustained the opposition as to the items of credits objected to, but rejected it as to the slaves embraced in the partition, reserving to the minor heir the right to prosecute all rights and claims set up in the opposition in a direct action.

The opponent appeals, and relies for a reversal of the portion of the judgment, of which he complains, upon the case of *Paxton* v. *Cobb*, 2 La., 139, in which it was held to be a general rule in jurisprudence that wherever a man may sue, he can except, when the matter which he might have annulled in an action is presented as the basis of a demand against him.   That authority does not justify the present attempt to impugn collaterally the judgment of partition.   The present account, which is opposed, is not based upon the partition, neither does it include any of the property which was divided under the judgment of partition.   That judgment, to which all the heirs were parties, and which has been executed, cannot be treated as a mere nullity.   It can only be declared null by another judgment rendered in a suit instituted against all those parties.   The parties necessary for declaring its nullity are not now before us.

Judgment affirmed, with costs.