No. ——

First Circuit

WILLIS v. WORD ET ALS.

(Jan. 5, 1928.    Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Courts—Par. 126, 128.**
Regardless of how an action is classified, if the money demand is within the appellate jurisdiction of the Court of Appeal, it has jurisdiction of the case.

2. **Louisiana Digest—Judgment—Par. 134.**
The doctrine that the acts of a defacto officer cannot be attacked collaterally does not apply to the defendant in an action brought under the intrusion into office Act No. 156 of 1868 (R. S. 2593) and Act No. 19 of 1879; the demand being similar to one based on judgment which is null.

Appeal from the Parish of Vernon. Hon. Hal. A. Burgess, Judge.

Action by Dr. J. D. Willis against Dr. Brown Word et als.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Ferguson & Newman, Leesville, attorneys for plaintiff, appellant.

Thompson & Ferguson; A. B. Cavanaugh, Leesville, attorneys for defendant, appellee.

LECHE, J.   This action was instituted in the name of the State of Louisiana on the relation of Dr. J. D. Willis, and its purpose as averred in the petition, is to have Dr. J. D. Willis recognized as parish health officer for the Parish of Vernon, and to enjoin Dr. Brown Word from interfering with him in the exercise of the functions of that office or in the enjoyment of its emoluments. Relator's demand

was rejected by the District Court, and he has appealed.

The action is not brought under the intrusion info office Act 156 of 1868 (R. S. 2593) nor is it one to remove a person from office under Section 6 of Article IX of the Constitution, both of which must be instituted by the District Attorney or the Attorney General, but relator assumes in his petition that he is the actual incumbent of the office of Parish Health Officer for the Parish of Vernon. Proceeding under such assumption, he seeks to enjoin Dr. Brown Word from interfering with him in the exercise of the functions of that office, to enjoin the Police Jury of the Parish of Vernon and the Parish Treasurer of that parish from paying the salary of that office to Dr. Brown Word, and he prays for personal judgment against Dr. Brown Word for two hundred dollars, alleged to have been collected by the latter for two months' salary.

It matters not how the action be classified or denominated, we nevertheless believe that it comes within our appellate jurisdiction under the moneyed demand contained in the prayer of the petition and we see no ground to dismiss the appeal as prayed for in appellee's motion.

Assuming that an action of this kind is sanctioned by the law of this state, it is only logical and reasonable that plaintiff should, as a condition precedent to obtain the relief which he seeks, allege and prove his muniments of title to the office which he claims to hold. The District Court held, and we believe properly, that relator had failed to do so, and accordingly rejected his demand.

Relator does allege that he is the duly appointed health officer of the Parish of Vernon, for having been elected to that office by the Board of Health of said Parish on February 1, 1927, but he does not allege that he ever qualified for that office by taking the oath required by the Constitution. It is true that on the trial of the case on May 20, 1927, he offered in evidence an oath of office taken April 21, 1927, not shown to have been filed or recorded, but this oath was taken more than two months after his alleged election. Under the provisions of Act 19, p. 43 of 1878, he had already forfeited his right to that office. He alleges that he was elected February 1, 1927, and he should have taken his oath of office within 30 days thereafter.

According to the provisions of Act 296, p. 530, of 1926, Parish Boards of Health are elected by Police Juries for their respective parishes, and such Parish Boards of Health appoint with the advice and consent of the State Board of Health, a Parish Health Officer, who must be a licensed physician. It appears further that the members of the Parish Board of Health by whom relator claims to have been appointed, had like relator, also failed to take the official oath, so that when they appointed relator, they had no official standing and did not constitute an organized legal body. Relator argues that defendants had no right to collaterally attack the official standing of the members of the Board of Health by whom he had been appointed. The doctrine that the acts of a de facto officer cannot be attacked collaterally has no application here, for the act which is attacked in this case forms the very basis of relator's demand. The demand in this case may be assimilated to one which is based on a judgment which is null. A defendant in such a case may always attack the validity of the judgment. Paxton vs. Cobb, 2 La. 139.

We believe the District Court properly rejected relator's demand, and for that reason, the judgment appealed from is affirmed.