HALL, Judge.
Plaintiff filed suit on August 15, 1957 against Eugene Jones for damages allegedly sustained by plaintiff on August 25, 1956 in an automobile collision involving his car and a 1950 Oldsmobile sedan driven by Jones. He joined as defendants two insurance companies, viz. Phoenix Assurance Company of New York and Colum *420 bia • Casualty Company, both of whom he alleged were the public liability insurers of the defendant, Jones. During the pend-ency of the action plaintiff’s suit against Phoenix was compromised and Phoenix was dismissed from the suit. (Ultimately plaintiff obtained a ’ default judgment against Eugene Jones in the sum of $10,-000.00.)
Columbia Casualty Company was dismissed from the suit on motion of plaintiff’s attorneys. This dismissal was later set aside by the Court but was ultimately reinstated. Plaintiff has appealed from the judgment of the Trial Court reinstating its earlier judgment of dismissal of Columbia Casualty Company as a party-defendant. The record before us contains no testimony. The pertinent facts as shown by the pleadings are as follows:
On October 27, 1959 Columbia Casualty Company filed an answer to plaintiff’s suit on its own behalf only, no answer being filed on behalf of Eugene Jones. In its answer Columbia denied plaintiff’s allegation that it was a liability insurer of the defendant, Eugene Jones.
On August 1, 1958 in answer to interrogatories propounded by plaintiff, Columbia Casualty Company stated that it had issued a policy to Eugene Jones cover-had a 1950 Pontiac two-door sedan.
On January 22, 1959 the following motion was filed on behalf of plaintiff.
“JUDGMENT OF DISMISSAL
“In the above entitled and numbered cause, now comes the plaintiff, and with respect moves that said suit be dismissed insofar as COLUMBIA CASUALTY COMPANY is concerned, at plaintiff’s costs, without prejudice.
“By Attorneys:
“(sgd) Robert E. Turner H. ALVA BRUMFIELD ROBERT E. TURNER 205 American Bank Building Baton Rouge, Louisiana
“JUDGMENT
“On motion of counsel for plaintiff in above entitled and numbered cause:
“IT IS ORDERED, ADJUDGED AND DECREED that said suit be dismissed insofar as COLUMBIA CASUALTY COMPANY is concerned, at plaintiff’s costs, without prejudice.
“DONE, READ AND SIGNED in Open Court on this 26th day of January, 1959.
“(sgd) L. Robert Rivarde JUDGE, 29th Judicial District Court.”
On March 16, 1961, over two years after Columbia Casualty Company had been dismissed from the suit, plaintiff filed a rule to show cause why the dismissal of January 26, 1959 should not be set aside, on the ground that the motion for dismissal was presented to the Court without the approval or consent of plaintiff or Robert E. Baird, his attorney, and was signed by an attorney other than the attorney of record.
Hearing on this rule resulted in a judgment signed September 1, 1961 by Judge *421 C. William Bradley which reads in part as follows:
“On trial the plaintiff denied that he had authorized one of his counsel of record to dismiss the Columbia Casualty Co. Columbia Casualty Co. produced no evidence to substantiate the dismissal other than the motion.
“An attorney at law has no power, without express authority, to compromise or settle his client’s claim: C.C.Art. 2997 * * *
“The Court notes that Columbia Casualty Co. has filed an answer in this matter. Not to preclude Columbia from interposing this claim of dismissal, the Court will malee the rule absolute, vacate the order of dismissal, and order Columbia Casualty Co. reinstated as a defendant herein and reserve unto said defendant the right to raise the defense of compromise and dismissal by further pleadings.”
On January 10, 1963 Columbia Casualty Company filed a supplemental answer to plaintiff’s petition in which it plead the prescription of one year and further averred that plaintiff is estopped from denying the voluntary dismissal of Columbia Casualty Company entered on January 26, 1959.
On July 31; 1963 in response to a Request for Admission of Fact Columbia Casualty Company filed a copy of the policy it had issued to the defendant, Eugene Jones. The policy shows that it covered a "1950 Pontiac 2 Dr. Sedan Streamliner".
On December 5, 1963 Columbia Casualty Company filed an exception on the ground that “plaintiff is without a cause of action to contest the validity of the judgment of dismissal as to * * * Columbia Casualty Company * * * for the reasons that nullity is not demanded on any of the grounds specified in Articles 2001 through 2006 of the Louisiana Code of Civil Procedure.” It further excepted on the ground that plaintiff’s cause of action had been prescribed by the prescription of one year. The exceptions were argued and taken under advisement.
On March 5,1964 the Trial Judge vacated his judgment of September 1, 1961, reinstated his judgment of January 26, 1959 and finally dismissed Columbia Casualty Company as a party-defendant in the case.
In this judgment the Trial Judge pointed out that in his judgment of September 1, 1961 he had reserved unto Columbia Casualty Company “the right to reurge the defense of dismissal and they have by exception on grounds the nullity urged against the dismissal is not one specified in C.C.P. Arts. 2001-2006.”
He then went on to state:
“The Court has again studied the record herein and must find that each and every attorney whose name appears on pleading (sic) filed on plaintiff’s behalf individually, or as members of a firm, employed by plaintiff, whether he knew them or not.
“Consequently, if this cause for annullment of the dismissal stems from C.C.P. Art. 2002, plaintiff is estopped from its annullment by C.C.P. Art. 2003. Also, if the cause of annullment be predicated on C.C.P. Art. 2004 then the one year prescriptive period therein bars the action to plaintiff and the'Court must, at the least, hold plaintiff to have knowledge of his attorney’s actions.
“What effect the dismissal will have on Columbia Casualty Company’s obligations and responsibilities toward its insured, Eugene Jones, is not before the Court, except that the Court must point out that the dismissal was to Columbia Casualty Company only and this judgment affects it only.”
It is from this judgment of March 5, 1964 reinstating the dismissal of January 26, 1959 that plaintiff prosecutes this appeal.
*422 Judgment by default was entered against the defendant, Eugene Jones, on May 7, 1964 in the sum of $10,000.00.
OPINION
It must be borne in mind that in its original answer to plaintiffs suit Columbia Casualty Company denied any liability on its part as the insurer of the defendant, Eugene Jones. Plaintiff had alleged that the vehicle driven by Eugene Jones was a 1950 Oldsmobile sedan while the policy issued by Columbia to Jones (subsequently filed in the record) shows on its face that it covered a 1950 Pontiac sedan. Whether Columbia was the liability insurer of Jones insofar as the accident in question is concerned is a matter which has never been determined, and there is nothing in the record from which to determine whether the extended coverage provisions of the policy have any application.
Plaintiff-appellant devotes much of his brief to the proposition that a liability insurer and its insured are considered by the jurisprudence as joint tort feasors and solidary obligors, and contends that, under the jurisprudence, where a final judgment has been rendered against an insured an action can then be brought against the insurer who is estopped from denying the validity of this judgment if the insurer had notice of the action and the specific averments therein. Plaintiff-appellant therefore contends that he would be successful in any subsequent action he may be required to bring against Columbia Casualty Company, and since the law abhors a multiplicity of suits plaintiff should not be required to bring another action against Columbia to enforce his judgment since he is bound to win.
Plaintiff-appellant suggests that we need not even consider the effect of the voluntary dismissal of his suit against Columbia, nor the subsequent judgments flowing therefrom “since it appears that these became moot when appellant was able to successfully serve Eugene Jones, and further was able to successfully obtain judgment against him.”
Plaintiff-appellant’s whole argument on this score is based on the premise that Columbia was the liability insurer of Eugene Jones quoad the accident in question, a matter which has never been determined, and as to which there may be some question.
We come now to a consideration of plaintiff’s voluntary dismissal of his suit against Columbia Casualty Company. The motion for dismissal was signed by Robert E. Turner as the representative of H. Alva Brumfield and Robert E. Turner, attorneys for the plaintiff.
Plaintiff’s original attorneys were R. E. Baird and H. Alva Brumfield. The original petition was signed by IT. Alva Brum-field. Mr. Brumfield also verified the petition. He later signed the interrogatories served on behalf of plaintiff on Columbia Casualty Company. Although plaintiff has had many different attorneys during the progress of this litigation, H. Alva Brum-field was plaintiff’s attorney of record on January 22, 1959 when the motion for dismissal was presented to the Court on plaintiff’s behalf.
On September 1, 1961 in vacating the judgment of dismissal and reinstating Columbia Casualty Company as a party-defendant the Trial Judge likened the dismissal to a compromise or settlement and reasoned that since an attorney has no power, without express authority, to compromise or settle his client’s claim, an attorney has no power to dismiss a suit without express authority from his client. Appellant makes the same argument here, and furthermore likens the dismissal to a confession of judgment. He realized that the argument is based on analogy and leaves the impression that there is no jurisprudence directly in point. Appellee simply takes the position that “no authority need be cited to the effect that an attorney is empowered to act on behalf of his client in *423 court. If he can’t, the legal profession is in for rough sailing.”
Independent research reveals much jurisprudence directly in point, including at least one old Louisiana case. (See Paxton v. Cobb, 2 La. 137.) The general rule seems to be that while an attorney of record has no general or implied authority to dismiss a case with prejudice he has implied authority to enter a dismissal that does not bar the bringing of another suit on the same cause of action i. e. he has implied authority to dismiss without prejudice as was done in the instant case. And it has been held that this authority is not affected by the fact that the statute of limitations may have run at the time of such dismissal. (See 7 Am.Jur.2d § 125, p. 125; see also Annotation and collection of cases in 56 A.L.R.2d 1290).
As we have seen the Court, in rendering the judgment of September 1, 1961 reinstating Columbia Casualty Company as a party-defendant, reserved to Columbia Casualty Company “the right to raise the defense of compromise (sic) and dismissal by further pleadings.” Columbia took advantage of this reservation and reopened the question of the validity of the judgment of September 1, 1961 by filing on December 5, 1963 an exception to plaintiff’s petition on the ground that plaintiff was without a cause of action to contest the validity of the judgment of dismissal as to Columbia for the reasons that plaintiff had not demanded the nullity of the judgment of dismissal of January 26, 1959 on any of the grounds specified in LSA-C.C.P. Arts. 2001 through 2006.
’ Plaintiff-appellant shows that Columbia did not appeal from the judgment of September 1, 1961 and did not attack it until December 5, 1963. Plaintiff-appellant also points out that Columbia meanwhile had filed several motions to set the case for trial on the merits, and argues that Columbia Casualty Company thus acquiesced in the judgment of September 1, 1961. Plaintiff-appellant also contends that by waiting over a year before attacking this judgment Columbia lost all ■ right to do so, citing’ LSA-C.C.P. Art. 2003 which provides that a defendant who voluntarily acquiesces in a judgment may not annul the judgment on any of the grounds enumerated in LSA-C.C.P. Art. 2002.
We are of the opinion that thq judgment of September 1, 1961 reinstating Columbia Casualty Company as a party-defendant was not a final judgment against Columbia since it reserved Columbia’s right to reurge the validity of the dismissal of January 26, 1959. The judgment of September 1, 1961 by reason of the reservation therein contained amounted in our opinion to no more than an expression of the Trial Judge’s attitude toward the question at that particular time. In view of the reservation there was no necessity for Columbia to appeal, nor did its action in filing “motions to fix” constitute an acquiescence therein. Under the reservation it had a right at any time before final judgment on the merits to reopen the matter and to reurge the dismissal of January 26, 1959. This it did by filing the exception on December 5, 1963.
We come now to consider the judgment of March 5, 1964 herein appealed from which vacated the judgment of September 1, 1961, reinstated the judgment of January 26, 1959, and dismissed Columbia Casualty Company as a party-defendant.
The reasons given by the Trial Judge for this judgment were that plaintiff had attacked the dismissal of January 26, 1959 solely on the ground that plaintiff’s attorney had no right or authority to dismiss the suit without plaintiff’s consent, and that this ground of attack was not sustainable either under the provisions of LSA-C.C.P. 2002 or under the provisions of LSA-C.C.P. 2004. The Trial Judge’s reasons for judgment were apparently based on the premise that the dismissal judgment of January 26, 1959 was a final judgment and as such subject to attack only on the grounds specified in LSA-C.C.P. Art. 2002 or in LSA-C.C.P. Art. 2004.
*424 If this premise were correct we would hold that plaintiff’s attack on the judgment of January 26, 1959 was obviously not a ground of nullity specified in LSA-C.C.P. Art. 2002 and if it could be likened to an attack on the ground of “fraud and ill practices” (none is alleged) as set forth in LSA-C.C.P. 2004 plaintiff’s attack thereon came too late, since it was not filed until over two years after the rendition of the judgment attacked and plaintiff offered no proof of the time when he discovered the “fraud or ill practice”. (See LSA-C.C.P. 2004)
However we are constrained to hold that the judgment of dismissal of January 26, 1959, being a dismissal “without prejudice” was not a final judgment (see LSA-C.C.P. Art. 1673) and as such subject to attack only on the grounds specified in LSA-C.C.P. Arts. 2002 or 2004.
We are therefore of the opinion that the Trial Judge’s reasons for judgment are incorrect. However we are of the further opinion that the judgment itself is correct and should be affirmed, for the reason that an attorney of record has implied authority to dismiss a suit “without prejudice”. It follows that the judgment of dismissal of January 26, 1959 was a valid judgment; that the judgment of September 1, 1961 vacating the judgment of dismissal was incorrect, and that the final judgment of March 5, 1964 herein appealed from which reinstated the dismissal of January 26, 1959 is correct.
We express no opinion relative to any right plaintiff may have against his former attorneys, and we likewise express no opinion relative to any of Columbia Casualty Company’s obligations and responsibilities toward the defendant, Eugene Jones, under the policy issued by it.
For the foregoing reasons the judgment appealed from is affirmed; plaintiff-appellant to bear all costs of this proceeding in both Courts.
Affirmed.