KLEES, Judge.
This appeal arises from the granting of a summary judgment in favor of the plain *591 tiffs, C.W. Frank, Jr., P.L. Frank, Sr., Muriel S. Hochstein, Ann Hochstein, and Lynn Hochstein, in an action brought against the defendant, Yerhomal Motwani, for breach of an agreement to purchase real estate.
The parties entered into a purchase agreement on May 9, 1983 in which the defendant was to purchase property owned by the plaintiffs for six hundred ninety thousand dollars ($690,000). A standard form purchase agreement was used which provided that the purchaser was obligated to deposit ten percent of the purchase price, in this case sixty nine thousand dollars ($69,000), with the seller’s agent upon acceptance. The deposit consisted of a nineteen thousand dollar ($19,000) non-negotiable demand note and a fifty thousand dollar ($50,000) certificate of deposit in a metropolitan area bank in the joint names of the purchaser and C.W. Frank, Jr. The demand note was executed and delivered as required. On May 11, 1983 a fifty-thousand dollar ($50,000) check payable to the order of the purchaser and C.W. Frank, Jr. was delivered to the seller’s agent. At 9:30 a.m. the next morning the purchaser placed a stop payment order on the check preventing the purchase of the certificate of deposit. Thus the deposit required by the purchase agreement was never made.
Plaintiffs brought an action against the defendant seeking to recover liquidated damages in the amount of sixty-nine thousand dollars ($69,000) plus interest and attorney fees as provided in the purchase agreement. In his answer, the defendant claimed that the parties verbally agreed to cancel the purchase agreement, therefore it was not necessary that he make the deposit. After a limited amount of discovery, the plaintiffs moved for a summary judgment which was granted by the trial court, awarding them sixty-nine thousand dollars in damages and ten thousand dollars for attorney’s fees. The defendant has appealed claiming that the trial court erred in finding that an agreement to purchase and/or sell real estate may only be can-celled by a written agreement.
Louisiana Civil Code Article 1839 states “A transfer of immovable property must be made by authentic act or by act under private signature.” An agreement to purchase or sell real estate must also be in writing. Fleming v. Romero 342 So.2d 881 (La.App. 3rd Cir.1977), cert. denied 345 So.2d 50 (La.1977). The “Parol Evidence Rule” prohibits the use of testimonial or other evidence “to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted ... to prove that the written act was modified by a subsequent and valid oral agreement.” C.C. art. 1848. The defendant argues that this Rule has been applied in cases where it was alleged that an agreement to purchase and/or sell had been cancelled orally by the parties. We disagree.
In Salley v. Louviere 183 La. 92, 162 So. 811 (1935) the Supreme Court interpreted Civil Code Article 2276 (present article 1848) stating that this article “does not forbid the proving by parol evidence of a subsequent agreement to modify or to revoke a written agreement.” In 1938, the Court explained this interpretation stating that the Parol Evidence Rule “does not forbid the proof of a subsequent verbal agreement, modifying or even abrogating a written contract, if the contract or agreement is one which is not required to be in writing”. Conklin v. Caffall 189 La. 301, 179 So. 434 (1938). More recently, the Court stated: “Later cases of this Court, as well as the courts of appeal, explain that the ruling in Salley v. Louviere, allowing proof by parol evidence of a subsequent agreement to modify or to revoke a written agreement, is not applicable to a case in which the agreement is one required by law to be in writing.” Torrey v. Simon-Torrey, Inc. 307 So.2d 569 (La.1974).
The case at bar deals with an agreement to purchase real estate, which is required by law to be in writing. Therefore, defendant’s claim of an oral agreement to cancel the written purchase agreement is not admissible.
A Summary Judgment should be rendered if the pleadings depositions, answers to interrogatories, admissions and affida *592 vits show that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. L.S.A.-C. C.P. art. 966. In reviewing the granting of a Motion for Summary Judgment, the appellate court must view the facts as recited by the party opposed to the motion in the light most favorable to him. Vascocu v. Singletary, 404 So.2d 301 (La.App. 3rd Cir. 1981), writ denied 409 So.2d 676 (La.1981).
After a careful review of the record, viewing the facts as recited by the defendant in the light most favorable to him, we find that the trial judge was correct in granting plaintiffs’ Motion for Summary Judgment.
For the above stated reasons, the judgment of the trial court if affirmed.
AFFIRMED.