513 So.2d 1170 (1987)
C.W. FRANK, Jr., P.L. Frank, Sr., Muriel S. Hochstein, Ann Hochstein and Lynn Hochstein
v.
Verhomal MOTWANI.
No. 87-C-0879.
Supreme Court of Louisiana.
October 19, 1987.
Victoria Bartels, Wessel, Bartels & Ciaccio, New Orleans, for applicant.
Arthur Reuter, Jr., Pickering, Cotogno, Delsa & Dunn, New Orleans, for respondent.
MARCUS, Justice.
This lawsuit involves an agreement to purchase or sell real estate. On May 9, 1983, Verhomal Motwani (purchaser) offered to purchase a piece of property located at 620 South Peters Street in the City of New Orleans for the sum of $690,000. The *1171 owners, C.W. Frank, Jr., P.L. Frank, Sr., Muriel S. Hochstein, Ann Hochstein and Lynn Hochstein (sellers), accepted the offer by signing the agreement. The agreement provided that upon acceptance of the offer, purchaser was obligated to deposit with sellers' agent ten percent of the purchase price amounting to $69,000. The deposit of $69,000 was to be made as follows:
1) C.D. in a Metropolitan Area Bank (FDIC insured) in the amount of $50,000.00, said certificate to be in the joint names of purchaser and C.W. Frank Jr. (representing the sellers). All interest earned to belong to purchaser.
2) $19,000.00 to be represented by non-negotiable demand note due at act of sale executed by purchaser to the order of C.W. Frank, Jr.
The agreement further provided that:
[F]ailure to do so shall not void this agreement but shall be considered as a breach thereof and seller shall have the right, at his option, to demand liquidated damages equal to the amount of the deposit or specific performance, and purchaser shall, in either event, be liable for agent's commission, attorney's fees and costs.
The demand note was executed May 9, 1983 (the date the agreement was signed) and delivered to sellers' agent. On May 11, 1983, a check was issued in the amount of $50,000 payable to the order of purchaser and C.W. Frank, Jr. and indorsed by purchaser so that a certificate of deposit could be purchased pursuant to the agreement to purchase or sell. The events that occurred on the following day, May 12, 1983, are in dispute. Purchaser alleges that the agreement to purchase or sell was verbally cancelled by agreement of all the parties. Sellers allege that there was no such verbal cancellation but that purchaser placed a stop payment order on the $50,000 check and that the remainder of the deposit was never made. Sellers wrote purchaser on May 12, 1983, placing him in default.
In June 1983, sellers filed suit against purchaser alleging breach of the agreement and demanding liquidated damages in an amount equal to the deposit, plus attorney fees and costs. After limited discovery, sellers filed a motion for summary judgment contending that there was no genuine issue of material fact because an agreement that has to be in writing to be valid cannot be cancelled verbally. After a hearing, the trial judge held that a verbal cancellation was not a viable defense as a matter of law and rendered summary judgment in favor of sellers and against purchaser in the amount of $69,000 plus attorney fees, interest and costs. The court of appeal affirmed, stating that evidence of "defendant's claim of an oral agreement to cancel the written purchase agreement is not admissible."[1] On purchaser's application, we granted certiorari to review the correctness of that decision.[2]
The Code of Civil Procedure provides that a summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The sole issue before this court, therefore, is whether as a matter of law a writing is required to cancel a contract which is one required by law to be in writing.
It is well-settled law that a transfer of immovable property must be in writing. Louisiana Civil Code Article 1839 states: "A transfer of immovable property must be made by authentic act or by act under private signature."[3] It is also well settled that a promise or an agreement to sell immovable property may not be enforced unless it is in writing. La.Civ.Code art. 2462; Kaplan v. University Lake Corp., 381 So.2d 385 (La.1979); Quarles v. Lewis, *1172 219 La. 194, 52 So.2d 713 (1951); Conklin v. Caffall, 189 La. 301, 179 So. 434 (1938).
La.Civ.Code art. 1848 provides:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.[[4]]
[Emphasis added.]
This article deals with the situation where a party to a written contract is trying to prove that the contract exists but differently from the way it is written. In other words, it addresses the question of whether parol evidence may be used to prove a verbal modification of a contract. It does not address the question of whether parol evidence may be used to prove a verbal cancellation of a contract. Therefore, art. 1848 does not apply here because this case only involves an alleged verbal cancellation, not a modification.
Written contracts may be revoked or cancelled by the mutual consent of the parties. La.Civ.Code art. 1901 (1870) provides:
Agreements legally entered into have the effect of laws on those who have formed them.
They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.
They must be performed with good faith.[[5]]
Article 1901 does not indicate how the parties' mutual consent is to be effected. We addressed this issue in Kaplan v. University Lake Corp., 381 So.2d 385 (La.1979). Contracts to sell 18 residential lots had been pledged to secure the payment of a collateral mortgage. Although the contracts to sell had to be in writing, we held that "there is no requirement that the parties' mutual consent to revoke a written contract be in writing." 381 So.2d at 388 n. 6. We found that the evidence demonstrated that the agreements had been cancelled by mutual consent of the parties although the agreement to cancel had not been reduced to writing.
There is no reason why a party to a contract that has to be in writing should not be able to offer evidence that the parties verbally agreed to cancel the contract.[6] Clearly, the burden of proof will be on the party asserting that it was cancelled. La.Civ.Code art. 1831. Although this may very well be a difficult burden to meet in the face of a signed written contract, the party claiming cancellation should be allowed to present evidence to prove that the contract was verbally cancelled.
Accordingly, we conclude that a writing is not required to cancel a contract which has to be in writing to be valid. Therefore, the court of appeal erred in affirming the summary judgment. There is a genuine issue as to whether or not there was a verbal cancellation of the agreement to purchase or sell.

*1173 DECREE
For the reasons assigned, the judgment of the court of appeal affirming the summary judgment granted by the district court is reversed. The motion for summary judgment by C.W. Frank, Jr., P.L. Frank, Sr., Muriel Hochstein, Ann Hochstein, and Lynn Hochstein is denied. The case is remanded to the district court for further proceedings in accordance with law.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
A contract to sell immovable property must be in writing to be enforceable. La.C.C. art. 2462. The question here is whether a contract to extinguish or modify a previous contract to sell immovable property must also be in writing to be enforceable.[1]
In the case of a modification which changes the terms of the original contract, the answer depends on whether the modification (modifying the previous contract to sell immovable property) would be required to be in writing if it were the original contract. For example, when a contract calls for the sale of two lots of ground, a modification to call for the sale of three lots must be in writing to be enforceable because an original contract calling for the sale of the third lot would not have been enforceable unless in writing. The modification constitutes a contract to sell immovable property.[2]
However, in the case of a later contract which extinguishes a previous contract to sell immovable property, the later contract (extinguishing the obligation) need not be in writing because it does not constitute an agreement to sell immovable property. There is no codal or statutory requirement that a contract extinguishing an obligation to sell immovable property be in writing. Article 2462's oblique incorporation of a parol evidence rule only requires a contract to sell (not a contract to extinguish a contract to sell) to be in writing to be enforceable.
NOTES
[1] 503 So.2d 590, 591 (La.App. 4th Cir.1987).
[2] 506 So.2d 1215 (La.1987).
[3] Before the 1984 revision, former art. 2275 provided in part:

Every transfer of immovable property must be in writing.
[4] Before the 1984 revision, former art. 2276 provided:

Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since. [Emphasis added.]
[5] Former art. 1901 is controlling in this case because the agreement to purchase was entered into before January 1, 1985 (the effective date of La.Civ.Code art. 1983, which replaced former art. 1901). Article 1983 provides:

Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith.
The Official Comment to art. 1983 states that "[t]his Article reproduces the substance of C.C. Art. 1901 (1870). It does not change the law."
[6] A party should be allowed to offer evidence to show that the parties tore up the original contract as proof of the cancellation. Even in the context of wills where the rules concerning formalities and parol evidence are especially strict, parol evidence is allowed to show that the testator destroyed the will as proof of revocation. Smith v. Shaw, 221 La. 896, 60 So.2d 865 (1952); Succession of Hill, 47 La.Ann. 329, 16 So. 819 (1895).
[1] A contract is defined as an agreement whereby obligations are created, modified or extinguished. La.C.C. art. 1906.
[2] The answer might be different if the original contract was for the sale of a house and the modified contract was for the sale of the house and the furniture. There, the modification involved an agreement to sell movables.