FRED W. JONES, Jr., Judge.
This case arose out of an automobile accident which occurred on November 19, 1984 at the intersection of Fannin and Edwards Street in Shreveport. Plaintiff Shackelford was driving a vehicle owned by the Post Office, and was acting within the course and scope of his duties as a mail carrier for the United States Postal Service at the time of the accident. The other driver involved in the accident was Sam Leavengood, whose vehicle was insured by the Travelers Insurance Company.
Plaintiff applied for and received workers compensation benefits and medical expenses pursuant to the provisions of the Federal Employees Compensation Act, 5 U.S.C. § 8101, et seq. (FECA). On January 23, 1985, approximately eleven months before filing this suit, he executed a written assignment to the Post Office of all of his right, title and interest in any claim he had arising out of the accident, pursuant to Section 8131 of FECA. The written form for the assignment was not signed to certify acceptance of the assignment by the Post Office.
On November 18,1985, plaintiff filed suit against Leavengood and Travelers, alleging the accident was caused by Leaven-good’s negligence and seeking damages for past and future lost wages, past and future medical expenses, and past and future pain, suffering, mental anguish and bodily injury. Defendants filed an exception of no right of action alleging that since plaintiff had assigned his claim to the Post Office, he was not the real party in interest, and thus only the Post Office had the right to sue defendants. Plaintiffs position at trial of the exception was that the assignment was ineffective because it was never accepted by the Post Office, and if accepted, there was nevertheless a reassignment of plaintiff’s rights from the Post Office to him.
*1196 Sharon Cox, the Postal Service employee responsible for handling plaintiff’s claim, testified that the assignment form executed by plaintiff was not signed to indicate acceptance by the Post Office due to oversight on her part. She also stated that several months after executing the assignment, plaintiff contacted her about hiring an attorney and pursuing this claim on his own, since prescription was about to run and he was still seeing a chiropractor, missing work, and in general having problems due to his injuries. She said she verbally rescinded the assignment and gave him permission to proceed on his own, but told him to let them know what he decided to do. She also made it clear that the Post Office still expected reimbursement for sums it had paid him out of any recovery he received from a third party. She believed she had authority to give plaintiff this permission, although she was not aware of any prior cases like this. There was no written re-assignment. She also testified that she advised Travelers of the assignment of plaintiff’s claim by letter on September 16, 1985. Her office was still sending medical bills to Travelers as late as October 28, 1986.
Plaintiff did not testify. His signature on the assignment document was stipulated by all parties to be genuine. The assignment document was introduced into evidence. It states that “... [U]pon acceptance of this assignment, the United States Postal Service shall have full and complete authority to take whatever action on this claim it considers appropriate, and may institute legal action, settle or compromise the claim or any suit, or decline to institute suit, or to take any other action.” Defendants also introduced into evidence a letter written by Sharon Cox, on behalf of the Postal Service, to Travelers Insurance Company, in an effort to recover on this claim from Travelers based on the assignment.
Six days after the trial on the exception, but prior to rendition of the judgment, plaintiff’s counsel moved to have the hearing reopened for the taking of additional evidence, claiming newly discovered evidence. The motion was denied without written reasons, and the trial court rendered judgment sustaining the exception and dismissing plaintiff's suit with prejudice.
In a written opinion the trial judge dismissed plaintiff’s argument pertaining to acceptance of the assignment by noting that FECA contains no requirement that an acceptance of an assignment by a federal employee be in writing and concluded that the failure of an agent to sign the acceptance thus did not defeat the validity of the assignment. He further found a tacit acceptance of the assignment to be evidenced by the steps taken by the Postal Service to recover from third parties, including Travelers, based on the assignment in question. He declined to determine whether a reassignment of this nature is possible under FECA, since he found Ms. Cox lacked the necessary authority to make the reassignment. Citing Section 8145(2) of FECA, the judge concluded that if such authority exists, it lies with the Secretary of Labor or those within the Department of Labor to whom such power has been delegated.
Plaintiff appealed the judgment, contending that the trial judge erred in sustaining the exception of no right of action and refusing to reopen the hearing for the taking of additional evidence.
On appeal, plaintiff argues that no effective assignment occurred, based on the contention that the assignment documents executed by him failed to meet the requirements of La.C.C. Art. 2439, governing written contracts of sale in Louisiana. It is also urged that the Postal Service assignment of claims form specifically requires a signature evidencing acceptance and thus the trial judge was wrong to conclude the federal regulations do not require written acceptance of the assignment. Finally, relying on Frank v. Motwani, 513 So.2d 1170 (La.1987), plaintiff argues that a written agreement is not necessary to cancel a contract, even one which must be in writing to be valid, and the trial judge too narrowly construed the federal regulations concerning duties and responsibilities of the Department of Labor.
*1197 Regarding the newly discovered evidence, plaintiff offers no specific authority for the motion to reopen the hearing, but cites La.C.C.P. Art. 1971 governing the granting of new trials, even though the request was made before judgment was rendered. It is contended that by his questioning of the witness, the trial judge raised several issues that neither party had raised previously, including whether the federal statutes involved authorize a U.S. Postal Service employee to verbally rescind an assignment such as this. Plaintiff argues he was unable to locate jurisprudence answering this question, but should have been allowed to offer the testimony of Max Freeman, an attorney whose practice is specifically limited to claims of the U.S. Postal Service, and who he claims could provide the necessary information.
Defendant relies on federal jurisprudence and La.C.C.P. Art 698, providing that when an incorporeal right has been entirely assigned, it shall be enforced judicially by the assignee. Furthermore, it is contended that Louisiana law of Sales is inapplicable to FECA claims. Regarding plaintiffs motion for a reopening of the hearing, defendant argues that no “peremptory” grounds under La.C.C.P. Art. 1971, or “good grounds”, under Art. 1973, for a new trial, are present in this case because the evidence was available to plaintiff before trial began, the need for it should have been anticipated, and in any event, post trial briefs contained ample authority to aid the judge in his decision.
The primary issue presented by this appeal is:
Whether the trial court erroneously sustained defendant’s exception of no right of action, finding that plaintiff had assigned his right of action arising from the accident to the United States Postal Service in exchange for payment of medical compensation benefits under the Federal Employees Compensation Act, 5 U.S.C. § 8101, et seq. (FECA).
Plaintiff argues the trial judge erred by sustaining defendant’s exception of no right of action, based on a finding of a valid assignment of his claim, and dismissing his suit with prejudice. For reasons stated, we find a valid assignment and reassignment of plaintiff’s claim, conclude that the dismissal was error, and remand for further proceedings, including joinder of the United States Postal Service as an indispensable party.
As stated, plaintiff applied for and received worker’s compensation benefits and payment of his medical expenses under the federal statute. Section 8131 of the Act provides that a beneficiary may be required to assign to the U.S. any right of action he may have to enforce his claim against a third party, in return for receipt of benefits. Plaintiff executed such an assignment by written contract dated January 23, 1985, a copy of which was introduced into evidence.
Plaintiff maintains, however, that no effective assignment was made because there was no acceptance by an authorized agent of the USPS or Department of Labor, or alternatively that there was a verbal reassignment of those rights to him by the government. The absence of a signature in the space provided for certification of acceptance on the Postal Service form is cited as support for this first contention. On the issue of acceptance of the assignment, we agree with the trial judge’s well written reasons, and adopt that portion of his opinion, to-wit:
“Plaintiff contends that a written acceptance of this assignment was necessary and since no agent of the United States Postal Service or the Department of Labor accepted this assignment of plaintiff’s claim in writing, such an assignment can have no effect, thus leaving plaintiff’s right to bring this action intact.
P S Form 2577, (see Defendant’s Exhibit 1), which is an Assignment of Claim to the United States Postal Service, does contain the following language below the space for the assignor’s signature: “Pursuant to the authority granted by 39 C.F.R. 224 2(b)(l)(i) and other Postal Regulations, I hereby accept the above assignment,” and there follows a place for an authorized employee’s signature indi- *1198 eating acceptance. The form submitted by George Shackelford, Jr. contains no signature evidencing an acceptance. However, plaintiff’s position that an acceptance of this assignment must be in writing to be effective is without foundation. The Federal Employee’s Compensation Act contains no requirement that an acceptance of an assignment by a federal employee must be in writing. 5 U.S.C. 8101, et seq.
Further, although a plaintiff cites 39 C.F.R. 224.2(b)(l)(i) for the proposition that a written acceptance is a necessary prerequisite to validity, this view of that statute is not persuasive. The statute merely sets out certain responsibilities of the Employee Relations Department of the United States Postal Service, including the administration of injury compensation programs, but contains no requirements as to how that responsibility is to be exercised. Thus, this court finds that although the Postal Service form contains a written acceptance, the failure of an agent to sign that acceptance does not defeat a valid assignment of an employee’s claim under 5 U.S.C. 8131 since the statutes governing such assignments do not require a written acceptance.
If a written acceptance is not required to effect a valid assignment it then becomes necessary to determine whether or not there was a tacit acceptance. The defendant contends that two circumstances evidence a tacit acceptance of the assignment, those being: 1) payment of benefits to the plaintiff and 2) the steps taken by the Postal Service to recover from third parties, including Travelers, based on the assignment in question.
The payment of benefits to plaintiff does not, in and of itself, evidence a tacit acceptance by the United States Postal Service of the assignment since the receipt of benefits is not necessarily conditioned on an assignment of the claim by the injured employee, but is only an option available to the Secretary of Labor. However, the fact that the United States Postal Service, through Sharon McKenzie Cox, took steps to recover amounts paid out in the form of compensation benefits from a third party does evidence a tacit acceptance. Sharon McKenzie Cox testified that her failure to sign the acceptance was an oversight. The record reflects that subsequent to the plaintiff’s signing the assignment, Sharon McKenzie Cox took steps, including sending a letter (Defendant’s Exhibit 3) to Sharon Davenport, an employee of Travelers, in an effort to recover on this claim from Travelers based on the assignment. The actions of the United States Postal Service evidenced a clear intent to accept this assignment regardless of the fact that no written acceptance was effected.”
Thus we find a valid assignment of plaintiff’s claim to the USPS was executed by plaintiff. Furthermore, we are not persuaded that Ms. Cox was without authority to verbally reassign plaintiff’s claim to him. As plaintiff notes, cancellation of a written contract is not required by state law to be in writing. It may be effected by the mutual consent of the parties, which may be orally evidenced. Frank v. Motwani, 513 So.2d 1170 (La. 1987). The record supports the conclusion that such an oral cancellation of the contract of assignment did occur here. Ms. Cox’s testimony is clear that she rescinded the assignment and gave plaintiff permission to proceed with the prosecution of this action.
In response to this, however, defendants argue that reassignment of claims is not allowed under the federal statute, and moreover, that Ms. Cox lacked authority to take such action. The trial judge found it unnecessary to decide whether reassignment of a claim is possible under FECA, in light of his ruling that Ms. Cox was not authorized to make the reassignment. Our review of the existing jurisprudence construing this federal statute reveals nothing which prohibits such reassignments of claims. We decline to follow the cases cited by defendants construing the Longshoreman and Harborworker’s Act, which prohibit reassignment of claims, in view of the dissimilar assignment of claims provisions of the two Acts.
*1199 We also disagree with the conclusion reached by the trial judge that Section 8145 of FECA necessarily restricts authority to handle injured workers’ personal injury claims to those employed directly by the Department of Labor. As our review of this federal statutory scheme and interpreting jurisprudence reveals no prohibition against one such as Ms. Cox exercising such authority, we are inclined to believe that as an injury compensation specialist, which according to her testimony acts as a liason between the Department of Labor and the USPS, she was authorized to accomplish the reassignment in question.
Even though there was a valid reassignment, we observe, in accordance with the authority granted us by La.C.C.P. Article 927, that the United States Postal Service (which had held an assignment of the claim and paid benefits) is an indispensable party. See LaFleur v. National Health & Life Ins. Co., 185 So.2d 838 (La.App.3d Cir.1966). Therefore, in remanding the case for further proceedings, we direct the joinder of the United States Postal Service for the assertion of any claim to which it may be legally entitled.

Conclusion

For these reasons, the judgment of the trial court sustaining the exception of no right of action is REVERSED; the exception of no right of action is overruled; and the case is remanded to the trial court to permit the joinder of the United States Postal Service as an indispensable party for the assertion of its legal claims and for further proceedings consistent with this opinion.
Cost of appeal is assessed to defendants-appellees.
ON APPLICATION FOR REHEARING
Before MARVIN, FRED W. JONES, SEXTON, JASPER E. JONES and NORRIS, JJ.
Rehearing denied.