534 So.2d 1327 (1988)
Helen SCHULINGKAMP
v.
Doris AICKLEN and William E. Aicklen, Jr.
No. 88-CA-0525.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1988.
*1328 Eric Oliver Person, New Orleans, for appellees.
Arthur J. Lentini, Hall, Lentini, Mouledoux & Wimberly, Metairie, for appellant.
Before SCHOTT and LOBRANO, JJ., and HUFFT, J. Pro Tem.
LOBRANO, Judge.
This is a suit on a promissory note held by the plaintiff, Helener Schulingkamp. Defendants are the makers of the note, Doris and William E. Aicklen, Jr. The note, in the amount of $10,500.00, is dated November 15, 1984 and was given to plaintiff in conjunction with an offer to purchase real estate. This suit is an attempt by plaintiff to collect on that note.
The matter was referred to a Commissioner who, after hearing the merits of the case, rendered a report favorable to the defendants. The Commissioner concluded that the offer to purchase submitted by defendants was never accepted by the plaintiff and was subsequently withdrawn by the defendants, so that there was no consideration (or value) given for the note, and hence it is unenforceable. Despite plaintiff's exceptions to the report the trial court agreed with the Commissioner and rendered judgment dismissing the suit. This appeal followed.
*1329 On November 15, 1984 plaintiff was approached by defendant, Doris Aicklen, with an inquiry as to whether plaintiff was willing to sell her property in Metairie, La. Defendant submitted a written offer dated November 15, 1984 to purchase plaintiff's property for the sum of $105,000.00 cash. The property is described as 2932 Johnston Street, Metairie, La., as well as a side lot measuring 47.8 X 100 feet. At the same time the offer was submitted, defendant gave plaintiff a promissory note in the amount of $10,500.00. On the face of the note appears the handwritten notation that the note would be changed to a note for $7,500.00, and $3,000.00 cash "as soon as the contract had been signed by the seller".
The offer was made binding and irrevocable "thru and until the Act of Sale was to be passed." The act of sale was to take place 15 days after clear title to the lot was obtained, and after the procurement of a five foot side yard variance from Jefferson Parish in order to build on the lot.[1] The agreement was not signed by plaintiff at that time.
On December 21, 1984, thirty-six days after the offer was submitted, defendants sent a telegram to plaintiff which states, "[w]e made an offer on November 15, 1984 to purchase 2932 Johnston Street and side lot. No acceptance ever received as of December 21, 1984. We withdraw our offer to purchase property. If questions, contact attorney Eric Person 522-8890." On December 26, 1984 plaintiff signed an acceptance of the offer. Her attorney, Ted Price, sent the executed document to defendants on January 2, 1985. They received the document on January 9, 1985. At the same time, by letter, Price advised the defendants that they were "well aware that the offer had been accepted prior to [the] telegram...." In addition, he advised that "a resubdivision has been prepared and that a survey has been redrawn showing Mrs. Aicklen's request to move the line." Price stated he anticipated an act of sale on February 15, 1985. Nothing further was done by either party, although the resubdivision (but not the variance) was finally approved on March 4, 1985. This suit followed.
In a suit on a promissory note by the payee against the maker, the payee will be given the presumption that the instrument was given for value received unless the maker casts doubt upon the consideration. Once the maker casts doubt upon the issue of consideration, the burden shifts to the payee to prove consideration by a preponderance of the evidence. Cooper v. Succession of Cooper, 234 La. 832, 101 So.2d 686 (1958); Abraham v. Sperandeo, 423 So.2d 65 (La.App. 1st Cir.1982); Brashears v. Williams, 294 So.2d 246 (La.App. 1st Cir.1974).
The sole issue for our review is whether there was a binding agreement to purchase which constituted the consideration for the note. The resolution of this issue requires us to determine if (1) there was an acceptance of offer prior to its withdrawal on December 21, 1984; and (2) if not, then could defendants withdraw their offer 36 days after it was submitted.
1. Acceptance prior to December 21, 1984
Plaintiff argues that she tacitly accepted the offer prior to the December 21, 1984 revocation. She admits she did not sign an acceptance prior to that date, but urges a written acceptance is not necessary. Defendants argue that, absent a written and signed acceptance, there was no acceptance at all.
It is well settled in Louisiana law that a promise or agreement to sell immovable property may not be enforced unless it is in writing. Frank v. Motwani, 513 So. 2d 1170 (La. 1987), and the cases cited *1330 therein. However, our jurisprudence also provides that the acceptance of a written offer may be accomplished tacitly without the actual signature of the offeree on the written document. Milliman v. Peterman, 519 So.2d 238 (La.App. 5th Cir.1988), writ denied 520 So.2d 752. La.Civil Code Article 1927 provides:
"A contract is formed by the consent of the parties established through offer and acceptance.
Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.
Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made."
In the instant case there is a written offer to purchase realty which plaintiff argues was accepted. There is no attempt to prove the existence of an oral agreement, which the settled law forbids with respect to the sale of immovable property. We are satisfied that an offeree may tacitly accept a written offer. The burden, therefore, was on the plaintiff in this case to prove her actions or manifestations are clearly indicative of an acceptance. Our review of the evidence does not show any clear error by the trial court in rejecting plaintiff's argument.
Plaintiff argues that by keeping the note, shaking hands on the agreement, and pursuing the resubdivision and variance she accepted the defendants' offer. We disagree.
First, the note was part of the offer and was submitted at the same time. It would not be enforceable unless the agreement was accepted. Mere delivery of those documents to the plaintiff, for her consideration, is not tantamount to an acceptance. A contrary holding would lead to the questionable conclusion that an offeree could not take physical possession of a written offer and deposit without the risk of having it deemed accepted. Furthermore, the handwritten notation that the note would be converted to $3,000.00 cash and another note for $7,500.00 "as soon as the contract has been signed by seller" clearly indicates defendant's understanding that mere delivery of those documents would not bind the parties.
Second, although plaintiff testified "we shook hands on the agreement," her subsequent actions do not suggest an acceptance. She did not have any further communications with defendants suggesting she had accepted the offer. To the contrary, Mrs. Aicklen testified she spoke to plaintiff's son on two occasions prior to December 21, 1984 and told him she had not yet received an accepted contract. Furthermore, plaintiff concedes she did not sign the offer until after it was withdrawn. She explains that she did not sign when the agreement was submitted because she feared having $3,000.00 cash in her home that late at night. She further explained that she didn't subsequently sign because "I really didn't want it ($3,000.00 cash) until I was ready to use it, which was at Christmastime." Her reasoning in both instances is questionable since the offer requires the deposit be placed in a non-interest bearing escrow account rather that delivered directly to plaintiff.
Third, the evidence shows that Ted Price was contacted by plaintiff as early as October 10, 1984 in connection with the resubdivision of the property. We are convinced that plaintiff intended to go forward with the resubdivision irrespective of whether there was an agreement to sell her property. There was no concerted effort undertaken after the offer was made that could be construed as a tacit acceptance. In fact, the only evidence suggesting resubdivision work was Mr. Price's testimony that a survey had been ordered. We are convinced that the offer to purchase did not precipitate the resubdivision work, nor did it cause any change in plaintiff's plans to go forward with the work.
*1331 Thus we are satisfied that the plaintiff has failed to prove sufficient manifestations that could be interpreted as an acceptance of defendants' offer.
2. Subsequent to December 21, 1984
As previously noted, on December 21, 1984 defendants sent a telegram withdrawing their offer. On December 26, 1984 plaintiff signed an acceptance of the offer which was sent to defendants on January 2, 1985 by Price. Plaintiff contends that if her previous actions were not an implied acceptance, then certainly there was an express acceptance on December 26, 1984. Defendants argue it was too late as the offer had been withdrawn. Plaintiff counters with the argument that the offer was irrevocable through act of sale, thus defendants could not withdraw the offer.
The agreement provides that the offer remains irrevocable until the act of sale. Since the offer does not designate a specific time for the act of sale, we conclude it is an irrevocable offer within the meaning of La.Civil Code Article 1928. The second paragraph of that article provides "[w]hen the offeror manifests an intent to give the offeree a delay within which to accept, without specifying a time, the offer is irrevocable for a reasonable time." Our determination of what constitutes a reasonable time must be made under the particular facts and circumstances of this case.
The offer was made November 15, 1984. The withdrawal was December 21, 1984, thirty-six days later. There is no disagreement that the offer to purchase was conditioned on the plaintiff's ability to accomplish the variance requirement. During this thirty-six day period very little, if anything, had been done towards satisfying the variance requirement. The only indication of a sales date came subsequent to and in response to the revocation of the offer. Plaintiff did not sign an acceptance during this period.
Given these circumstances, we conclude there existed a reasonable period of time in which plaintiff could have accepted the offer. However, after thirty-six days, that time period became unreasonable, thus making the offer revocable. Hence, when the telegram of December 21, 1984 was sent we are satisfied defendants were entitled to, and did revoke their offer.
The record also shows that the conditions of the purchase agreement were not satisfied by February 15, 1985 the anticipated sale date. The resubdivision was finally completed by March 4, 1985, however the variance was never obtained. Thus it would have been impossible to consummate the sale by that date. And, subsequently the property was sold to another party.
For the above and foregoing reasons, the trial court judgment is affirmed.
AFFIRMED.
NOTES
[1] In order to obtain the variance, it was first necessary that plaintiff resubdivide the property.