WALTZER, Judge.
The New Orleans Aviation Board filed suit in Orleans Parish alleging that defendant General Aviation Corporation (GAC) breached a lease agreement entered into between the Aviation Board acting on behalf of the City of New Orleans and GAC. The contract provided for the leasing of certain immovable property on the grounds of the New Orleans International Airport located in Jefferson Parish.
*893 Defendant GAC filed a declinatory exception. The exception was granted and the judgment states:
“In order for venue to be proper in Orleans Parish the 1988 Lease Agreement must have been executed within the parish limits. The Aviation Board is empowered with the authority to sign leases. LSA-R.S. 2:3510.(sic) Since the Mayor’s signature on the lease was not an act necessary to execute a valid lease between the Aviation Board and General Aviation Corporation, venue is not proper in Orleans, and the exception is sustained.”
The Aviation Board argues that the contract in question was executed in Orleans Parish, since according to his affidavit, Mayor Barthelemy was the last person to sign the lease agreement and he signed it in the City of New Orleans. The Board relies on C.C.P. Art. 76.1 which provides an action on a contract may be brought “in the parish where the contract was executed or the parish where the work or service was performed or was to be performed under the terms of the contract”. GAC relies on C.C.P. Arts. 42(2), 76.1, and 80A(3). C.C.P. Article 42(2) provides that a suit filed against a domestic corporation “shall be brought in the parish where its registered office is located.” Under C.C.P. Art. 80A(3) an action arising from the breach of a lease of immovable property “may be brought in the parish where the immovable property is situated or in the parish where the defendant in the action is domiciled.” An affidavit of the President of GAC was produced in the trial court attesting to the fact that he and the Chairman of the Aviation Board in front of two witnesses signed the contract in Jefferson Parish. GAC also contends that because R.S. 2:351(D) authorizes the Aviation Board to sign leases which have been approved by the city council, the Mayor’s signature was unnecessary. Additionally, GAC asserts that the requisite approval by the New Orleans City Council was given prior to the contract’s signature and final confection in Jefferson Parish.
Section 4-206 of the Home Rule Charter provides that the mayor is required to sign all contracts “requiring the assent of the City except those which the Director of Finance or other officer is authorized to sign.” (emphasis supplied). LSA-R.S. 2:351 authorizes the Aviation Board to sign. Under that statute, the Aviation Board Chairman is an “other officer authorized to sign”. Thus the contract was con-fected upon its signature by the Chairman of the Aviation Board and the President of GAC in Jefferson Parish and any further signature by the City was superfluous in light of the authority granted to the Board.
C.C.P. Art. 42(2) provides that “... an action against (2) A domestic corporation ... SHALL be brought in the parish where its registered office is located.”
The judgment of the trial court maintaining the exception and transfer of the case to Jefferson Parish is affirmed.
WRIT APPLICATION GRANTED. RELIEF DENIED. TRIAL COURT AFFIRMED.