I t SULLIVAN, Judge.
Robert Jordan sued Central Louisiana Electric Co., Inc. (CLECO) in New Iberia City Court to recover $12,500.00, the sum that Jordan deposited with CLECO pursuant to an agreement to purchase immovable property located in Iberia Parish. CLECO excepted to venue in Iberia Parish, claiming that venue was proper only in the parish of its domicile, Rapides Parish. The trial court overruled CLECO’s exception and CLECO has appealed. For the following reasons, we reverse.
FACTS
In March of 1993, Jordan and CLECO executed a written agreement in which Jordan agreed to purchase and CLECO agreed to sell 5.314 acres of realty in Iberia Parish. Several structures were apparently located on the property, including an office budding, a warehouse that housed a recycling facility and a tower. The price |2was $250,000.00, with the buyer depositing $12,500.00, which sum was not to be considered earnest money. The agreement was executed in authentic form, with Jordan signing before a notary and two witnesses in Iberia Parish on March 4, 1993 and CLECO’s representative signing with the same formalities in Rapides Parish on March 8, 1993.
Subsequently, the parties executed a document entitled “Agreement to Cancel Reeor- *115 dation of Agreement to Purchase and Sell.” Therein, Jordan stated that he elected not to buy the property and CLECO waived its right to demand specific performance. By its terms, this second agreement had no effect on either Jordan’s right to seek return of the deposit or CLECO’s right to retain the deposit. This subsequent contract, like the original purchase agreement, was executed in authentic form with Jordan signing first in Iberia Parish and CLECO’s vice president signing a few days later in Rapides Parish.
On September 15, 1994, Jordan filed the instant suit seeking return of the deposit with legal interest. He alleges that CLECO failed to comply with several requirements of the original purchase agreement, including (1) failing to have the warehouse tenant vacate the property by the date specified in the agreement; (2) failing to remove all “recyela-bles” as required by the contract; (8) altering existing servitudes by abandoning drainage rights on adjacent property to the detriment of the subject property; and (4) damaging the warehouse during the required clean up of the recycling facility.
OPINION
CLECO bases its exception of improper venue on La.Code Civ.P. art. 42(2), which provides that an action against:
18(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located. (Emphasis added.)
In opposition, Jordan relies upon the exception to Article 42 that is found in La.Code Civ.P. art. 76.1:
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
We note at the outset that the exceptions to the general rules of venue must be strictly construed and the party claiming the benefit of the exception must be clearly within the exception. Hawthorne Oil & Gas Corp. v. Continental Oil Co., 377 So.2d 285 (La.1979). Thus, Jordan has the burden of clearly showing that either the contract was executed in Iberia Parish or that under the terms of the contract any work or service was to be performed there.
CLECO contends that the contract was executed in Rapides Parish because that is where the last party to sign the document affixed his signature. Jordan, however, argues that the meeting of minds occurred in Iberia Parish, where he signed the agreement. He testified that the contract was both negotiated with CLECO’s representative and was drafted by CLECO’s attorney in Iberia Parish. When it was presented to him for his signature, he believed that CLECO had already approved the document. He understood the contract to be a “done deal” when he signed the document and gave his check for the deposit to CLECO’s attorney.
A contract to sell must set forth the thing and the price, and meet the formal requirements of the sale it contemplates. La.Civ.Code art. 2623 [formerly art. 2462], A sale or promise of sale of an immovable must be made by authentic act or by act under private signature, except as provided in Article 1839. La.Civ.Code art. 2440.
|4Although a contract to purchase or sell immovable property must be in writing to be enforceable, it is not absolutely necessary that the written document be signed by both parties, where the offeree has performed unequivocal acts manifesting an intent to accept the agreement. Le Triomphe Partnership v. Dorbandt, 527 So.2d 1176 (La. App. 3 Cir.1988). Mere delivery of a written, signed offer with the deposit to the offeree’s physical possession is not tantamount to an acceptance. Schulingkamp v. Aicklen, 534 So.2d 1327 (La.App. 4 Cir.1988).
In the instant case, however, the contract was executed in authentic form as prescribed by law, i.e., with both parties signing before a notary and two witnesses. An authentic act need not be executed at one time or place or before the same notary public or in the presence of the same witnesses. La. Civ.Code art. 1833. Hence, we find the jurisprudence regarding tacit acceptance to be irrelevant. The question is where was the authentic act executed.
Black’s Law Dictionary defines “executed” as follows:
*116 Completed; carried into full effect; already done or performed; signed; taking effect immediately; now in existence or in possession; conveying an immediate right or possession. An act or course of conduct carried to completion. Term imports idea that nothing remains to be done. The opposite of executory. See also Execution.
Similarly, in discussing the place of making a contract, 17 C.J.S. § 856 provides:
As a rule, in the absence of a manifestation of an intention to the contrary, a contract is considered as entered into at the place where the offer is accepted, or where the last act necessary to a meeting of minds or to complete the contract and make it a valid and binding obligation is performed.
We therefore conclude that the agreement was executed in Rapides Parish, where the last signature required for a valid, enforceable contract to sell immovable |sproperty was affixed to the document. See also New Orleans Aviation Board v. General Aviation Corp., 621 So.2d 892 (La.App. 4 Cir.), writ denied, 629 So.2d 394 (La.1993).
Article 76.1 also provides that venue is proper in the parish where any work or service is or was to be performed under the terms of a contract. The contract in question is an agreement to buy and sell immovable property. Under its terms, CLECO is required to perform only certain acts that are incidental to its obligation as a seller to deliver the property at the time of the sale. Because we are required to adopt a narrow construction of this exception to the general rules of venue, we find that the contract does not contemplate “any work or service” that is to be performed in Iberia Parish.
For the above reasons, the judgment of the trial court is reversed and the case is transferred to Rapides Parish. Costs of this appeal are assessed to plaintiff-appellee, Robert Jordan.
REVERSED AND TRANSFERRED.