hWICKER, Judge.
This appeal arises from a suit filed on behalf of Raymond J. Prokop (Prokop), plaintiff/appellee, against Mack Trucks, Inc., Delta Mack Sales and Service, Inc. and Capitol Trucks, Inc., defendants, seeking to rescind a sale of a 1994 Mack Track-Tractor, and damages. Capitol Tracks, Inc., defendant/appellant, filed exceptions of improper venue and improper joinder of parties.[1] The trial judge overruled the exceptions. Capitol Tracks, Inc. now appeals. We affirm.
Prokop alleged the following. On April 7, 1994 he purchased a track-tractor from Delta Mack Sales and Service, Inc. in Norco, Louisiana for $66,734 plus tax, title and license. The defendants knew he was purchasing the vehicle for commercial or business purposes.[2] The track-tractor has redhibitory defects, including an engine power deficiency. Prokop returned the vehicle for repairs on numerous occasions to the defendants, Delta Mack Sales and Service, Inc., the seller, and Capitol Tracks, Inc., the Mack Track dealer. These defendants failed to repair the defects. Prokop sued Mack Tracks, Inc. as the manufacturer ofjjthe vehicle presumed to know of the defects.
Prokop sued for rescission of the sale, damages and attorney’s fees. His theories of recovery include redhibition, the “lemon law”[3], failure to repair and/or negligent repair, breach of warranty, and sale of a defective product. Prokop seeks damages for loss of use, loss of business good will, loss of income, and mental distress against the defendants in solido.
Capitol Tracks, Inc., the dealer, filed exceptions of improper venue and improper joinder of parties. It is undisputed that Capitol Tracks, Inc. is a Louisiana corporation domiciled in East Baton Rouge Parish. It is also undisputed that Capitol Tracks, Inc. does not maintain a registered office in St. Charles Parish or conduct any business in St. Charles Parish, the place in which the suit was filed.
Capitol Tracks, Inc. contends venue is improper since it was not a party to the sale, and the suit is grounded in redhibition. It argues La.Code Civ. Proc. art. 42(2)[4] provid *389 ed that proper venue is East Baton Rouge Parish. It notes that the alleged failure to repair occurred in East Baton Rouge Parish.
Regarding improper joinder of a party, Capitol Trucks, Inc. relies on La.Code Civ. Proc. art. 463 which provides:
Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
Except as otherwise provided in Article 3657,[5] inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the |3altemative [footnote added].
Capitol Trucks, Inc. asserts there is an improper joinder of parties because venue is improper as the Capitol Trucks, Inc. and that the failure to repair claim is inconsistent with the redhibition claim in that failure to repair does not stem from the same factual circumstances.
The trial judge overruled the exceptions. He reasoned that there were sufficient exceptions[6] to La.Code Civ. Proc. art. 42 to allow venue in St. Charles Parish and to allow joinder of Capitol Trucks, Inc.
Capitol Trucks, Inc. characterizes this suit as grounded in redhibition. It contends that (1) it was not a party to the sale, and (2) that there are no allegations of a solidary obligation. La.Code Civ. Proc. art. 73 provides an alternative venue provision when there is a solidary obligation as follows:
A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiffs domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
B. If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.
However, Prokop instituted suit against the defendants on more than one claim or theory of recovery out of one factual occurrence. In Reeves v. Dixie Brick, Inc., 403 So.2d 792 (La.App. 2nd Cir.1981) at 795 the court held:
Where a plaintiff institutes an action on more than one claim or theory of recovery arising out of one factual circumstance and where venue is proper as to any claim or theory of recovery, the court has venue of the action to decide any or all claims. Albritton v. McDonald, 363 So.2d 925 (La.App. 2d Cir.1978), writ refused 366 So.2d 561 (La.1979); Smith v. Baton Rouge Bank & Trust Company, 286 So.2d 394 (La.App. 4th Cir.1973); Broussard v. Liberty Mutual Insurance Company, 210 So.2d 411 (La.App. 3d Cir.1968). This result is consistent with the venue articles, the liberal construction or procedural rules and judicial efficiency and economy.
Uln Dixie a homeowner sued a brick mason, and a brick manufacturer/seller of bricks for damages caused by a defective fireplace and chimney. The manufacturer/seller was alleged to have furnished defective bricks and the mason to have installed the bricks in an unworkmanlike manner. The manufae-turer/seller filed an exception of improper venue which was overruled. The manufacturer/seller argued, as does Capitol Trucks, Inc., that under La.Code Civ. Proc. art. 42 the proper venue was its corporate domicile. It argued, as does Capital Truck, Inc., that *390 the exception in La.Code Civ. Proc. art. 73 is inapplicable. That exception allows a suit against solidary obligors to be brought in the domicile of any obligor.
The Dixie court found inter alia that venue was proper under La.Code Civ. Proc. art. 73. That ease is analogous. Prokop’s petition contains sufficient allegations the defendants are solidary obligors. He alleges damages caused by breach of contract, redhi-bition, and negligent failure to repair. Although Mack Trucks, Inc. was not a party to the sale, it is being sued, along with the seller for failure to repair and/or negligent repair of the alleged defects. The manufacturer is being sued for its presumed knowledge of the defects. Prokop alleges these acts caused him to suffer economic loss and mental anguish. He does not sue solely for rescission of the sale, but also seeks damages from the defendants from one factual occurrence as did the plaintiff in Dixie.
We note, as did the court in Dixie at 795 that if the evidence at trial ultimately establishes a lack of solidarity, venue would still be proper since:
Once venue is determined to be proper on allegations or facts developed at trial of the exception of improper venue, venue does not become improper by reason of a later change of facts or establishment of different facts.
We also find the trial judge properly overruled the exception of improper joinder of parties since there is a community of interest between the parties. Capitol Trucks, Inc. relies on Abshire v. State through Department of Insurance, 93-923 (La.App. 3rd Cir. 4/6/94) 636 So.2d 627, writ denied, 94-1213 (La.6/24/94) 640 So.2d 1332 for the proposition there is no community of interest since the cumulated actions do not arise out of the same facts. Abshire is inap-posite. It concerned a suit against the Department of Insurance regarding ministerial actions related to the collapse of insurers. We follow the reasoning in Dixie.
Capitol Trucks, Inc. also relies on the case of Jordan v. Central Louisiana Electric Co., Inc., 95-20 (La.App. 3rd Cir. 5/3/95) 657 So.2d 113 for the proposition that exceptions to the general rules of venue must be strictly construed. In Jordan the court sustained an exception of improper venue. However, Jordan was reversed by the Supreme Court in Jordan v. Central Louisiana Electric Co., Inc., 95-1270 (La.6/23/95) 656 So.2d 988. The Supreme Court explained at 989:
Our construction is consistent with our holding in Kellis v. Farber, 523 So.2d 843 (La.1988). Kellis held that the alternative, optional venue provisions contained in La. Code Civ.Pro. articles 71 through 85 “are an extension, supplement and legal part of the provisions of article 42.” 523 So.2d at 846. As a result, these alternative venue provisions are no longer exceptions to Article 42’s “home base” venue that should be strictly construed, as was formerly required under Hawthorne Oil & Gas Corp. v. Continental Oil, 377 So.2d 285 (La.1979). Rather, these alternative provisions are part and parcel of the general venue rale set forth in Article 42.
Explaining this change, we commented in Kellis:
The proliferation of exceptions [to Article 42] mirrors the newly emerging bases of modern venue statutes. These provisions are not based on domicile but on factors such as the following: the convenience of both parties; the relationship between the forum and the cause of action; the reduction of litigation through certainty in the laying of venue; the places where the subject of the action or part thereof is situated; the place where the cause of action arose; the place where the seat of government is located ... With the advent of these important venue grounds, the rationale that the defendant has an inherent or natural right to be sued at his domicile, in the absence of or in addition to positive law, is anachronistic.
523 So.2d at 847.
Accordingly, for the reasons stated, the judgment is affirmed at appellant’s cost.
AFFIRMED.

. The judgment refers to the exception of improper joinder of parties as an exception of improper cumulation of actions.

. One of the theories for recovery alleged by Prokop was the "Lemon Law” However, La.51:1941(6)(b) specifically excludes motor vehicles exclusively used for commercial purposes.

. Id.

. La.Code Civ. Proc. art. 42 provides in part:
The general rules of venue are that an action against:
(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located.

. La.Code Civ. Proc art. 3657 deals with combining the petitory action with the possessory action.

. See discussion of Jordan v. Central Louisiana Electric Co., Inc., 95-1270 (La.6/23/95) 656 So.2d 988, 989 infra.